# Troy *v.* Hall & Farley.

## *Assumpsit.*

### (Decided Dec. 16, 1908. 47 South. 1035.)

1. *Attorney and Client; Compensation; Contingent Fee.*—Where services by an attorney are performed upon a contingent fee, the attorney is not entitled to any compensation, until the claim, or some part of it, has been collected, and an abandonment of the case by the attorney before the termination of the suit, or the collection of any of the claim, deprived the attorney of any compensation.

2. *Same; Termination of Relation; Waiver.*—The senior member of a law firm died, and the junor member became a member of another firm ; the client of the old firm consented for the new firm to prosecute the case as a substitute for the old firm. Held, that the client waived the right to claim a termination of the contract on the death of the senior member of the firm, on the ground that it was the understanding that the dead member of the firm was to give the matter his personal attention.

3. *Same: Termination of Relation.*—A client engaged the services of a firm of attorneys to prosecute this case, and the senior member died before the cause was terminated; the junor member became the junior member of another firm, which firm continued for some time in the prosecution of the original cause, when the senior member of the new firm abandoned the cause; the junior member of the original firm, and also a member of the new firm, did nothing except to keep himself informed as to the status of the case to its termination. Held, that by his conduct he ratified the act of the senior member of the firm in abandoning the cause, and that neither the new firm nor the surviving partner of the old firm was entitled to compensation.

APPEAL from Montgomery City Court.

Heard before Hon. A. D. SAYRE.

Action by Alex Troy against Hall & Farley. Judgment for defendants, and plaintiff appeals. Affirmed.

RUSHTON & COLEMAN and S. H. DENT, JR., for appellant. The contention of the plaintiff in this case is, that the death of one member of a law firm after employment in a cause and while said suit is in progress and unfinished, does not dissolve the relationship of attorney and client, in the absence of an express notice from the client to

[Troy v. Hall & Farley.]

the surviving partner to that effect; and, further, that it is the duty of the surviving partner to continue the discharge of services to the completion of the unfinished work, unless notified by the client that his services are no longer needed; and although the original employ-- ment of the firm may háve been on account of the supposed superior ability of the deceased member, the client can not complain unless he can show that damages to him by reason of some unskilfulness on the part of the surviving partner resulted.—*Smith v. Hill*, 13 Ark. 174; *Moses v. Bagley*, 55 Ga. 283; *Wright v. McCampbell*, 75 Tex.; *Denver v. Roane*, 99 U. S. 355.

W. A. GUNTER and STEINER, CRUM & WEIL, for appellees. Parties who are sui juris have the right to make their own contracts and stand upon them as made.— *Worthington v. McGarry*, 42 South. 988. In the case of the employment of a member of a firm of attorneys to conduct litigation, the most favorable view of such a contract for appellant is that it is one for the personal services of all the firm.—*Little v. Caldwell*, 40 Am. St. Rep. 92 and note; 4 Cyc. 953; *McGill v. McGill*, 2 Metc. 260; *Wright v. Campbell*, 13 S. W. 293; *Clifton v. Clark, et al.*, 36 South. 251; *Badger v. Celler*, 58 N. Y. Supp. 653; *Martin v. Massie*, 127 Ala. 504; *Worthington v. McGarry, supra*. The common counts are not available to recovery.—*Martin v. Massie, supra; Ezell v. King*, 93 Ala. 470; *Stafford v. Sibley*, 106 Ala. 189; *Darden v. Jones*, 48 Ala. 33; *Beadle v. Graham*, 66 Ala. 99.

ANDERSON, J.—It is clear that Tompkins & Troy were to be paid a contingent fee, and were not therefore entitled to anything until they, by their professional services, collected the appellees' claim or some of it. This being true, an abandonment of the case before the

38 R

termination of the suit would deprive them of any compensation. Whether or not the death of Tompkins terminated the contract, upon Hall's theory that, notwithstanding he employed the firm, it was the express under-.standing that Tompkins was to give the matter his personal attention from start to finish, we need not decide, since Hall waived the right to claim a termination of the contract. He consented for the new firm of Watts, Troy & Caffey to continue the prosecution of the case as substitutes for the late firm of Thompkins & Troy. It also convinces, from most reasonable inferences to be drawn from the evidence, that Watts, Troy & Caffey (though Mr. Watts) undertook to perform the contract of employment between the appellees and the late firm of Tompkkins & Troy with the knowledge and assent of Troy, a member of the new firm and the surviving member of the late firm. We think that the evidence also shows an abandonment of the case by the firm of Watts, Troy & Caffey, through the senior member, over five years prior to an adjustment of the cause whereby the appellees realized any thing upon their claim, and which was after a long and continuous litigation conducted by other counsel. There can be little or no doubt of the authority of Watts to abandon the case for and in behalf of his firm; but, if any there was, his act in so doing was acquiesced in by the silence and inaction of Troy for over five years. Troy admits that he did nothing in the case during all this time save to read the briefs of Mr. Gunter and the opinions of the court in said case and kept himself informed as to the status of the case. He had no conferences with appellees' other lawyers, or even with Hall, after the abandonment of the case by Watts, thus by his own conduct justifying Hall in his acceptance of the withdrawal as binding, not only on the firm of Watts, Troy & Caffey, but upon him

[North Birmingham Lumber Co. v. Sims & White.]

as the surviving partner of the late firm of Tompkins & Troy.

The judgment of the city court must be affirmed. Affirmed.

TYSON, C. J., and DOWDELL and McCLELLAN, JJ., concur.