(76 South. 953)

HARTON et al. v. AMASON. (6 Div. 369.)

(Supreme Court of Alabama. Nov. 15, 1917.)

1. CREDITORS' SUIT ☞1 — CONSTRUCTION OF AMENDED BILL — DISCOVERY AND SUBJECTION OF ASSETS.

A bill, originally filed to enforce an attorney's lien upon land accruing to a defendant by compromise in a suit in equity in which complainant had been his solicitor, which, as amended, alleged that defendant was a stockholder and president of a corporation, that he had an interest in the shares of incorporators and stockholders who acquired the right to discharge their subscriptions by procuring conveyances of realty to the corporation, and seeking a discovery of his interest in the other shares, and to hold the corporation and the other stockholders as trustee of the title to any land held for defendant's benefit and the disclosure of any property of defendant subject to the payment of the debt, was an ordinary creditor's bill for the discovery of assets, whether equitable or legal, and for their subjection to plaintiff's claim.

2. CREDITORS' SUIT ☞7—EQUITY—FRAUDULENT CONVEYANCES.

In such case, the defendant's fraudulent conveyance of assets was not necessary to the equity of the bill.

3. EQUITY ☞273 — AMENDMENT — "DEPARTURE."

Where the primary purpose of the original bill was to collect a debt out of lands belonging legally or equitably to defendant, an amendment abandoning the original theory of a preferential lien, but seeking the same object by a creditor's bill for the discovery of assets and their subjection to complainant's claim, worked no departure; as the alteration of a theory upon which a result is to be reached, although new facts are interjected, is not a "departure" within the rules of equity procedure.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Departure.]

Appeal from Chancery Court, Jefferson County; A. H. Benners, Chancellor.

Bill by S. C. M. Amason against H. M. Harton and another to enforce an attorney's

lien upon land. From the decree for plaintiff, defendants appeal. Affirmed.

The original bill was filed for the purpose of enforcing an attorney's lien upon certain land which accrued to respondent Harton by the compromise of a suit in equity in which complainant had served as counselor and solicitor. Subsidiary to and in aid of this primary purpose, complainant prayed that these lands, which by virtue of a compromise agreement—consented to in writing by him—had been conveyed by respondent in that suit to the Winasor Realty & Trust Company, be held by said grantee as in constructive trust for the satisfaction of complainant's claim; and that the grantors and grantees, who were also made parties respondent, be held liable to complainant if the lands had been disposed of, by the receiving corporation. The bill also contained the usual general prayer.

On a former appeal on demurrer overruled, it was held that complainant did not have a lien on the land for counsel fees, and that his consent to the compromise agreement and its execution by the conveyance of the land to the Windsor Realty Company precluded the assertion of any constructive trust in the hands of the grantee. Thereafter the bill was amended: First, by striking out all of the original parties respondent except Harton and the Windsor Company, and by bringing in as new parties respondent J. E. Jones and S. W. Hawkins. Second, by adding the following paragraphs to the bill:

(9) That your orator would further show that defendant Windsor Realty & Trust Company was incorporated under the laws of Jefferson county, Ala., on, to wit, April 15, 1915, with a capital stock of $5,000, of which defendant Harton was declared in the incorporation to have but one share, although he was declared to be president; that defendant J. E. Jones was declared to hold 48 shares, and defendant S. W. Hawkins, one share, all of the par value of $100 each; that the three said persons were the sole subscribers and incorporators, and acquired the right to discharge their subscriptions to said capital stock by procuring the conveyance to the corporation of all or nearly all that certain lot of property numbered 3 in Exhibit B to this bill, which they declared, however, was of greater value than the obligations and subscriptions to the capital stock; that the conveyance of all the property mentioned in Exhibit B was indeed executed to said Windsor Realty & Trust Company, as heretofore recited in this bill, but your orator cannot say what portion of said property numbered 3 therein was received as being of but $5,000 value. And your orator is informed and believes that defendant Harton has an interest in the 48 shares of stock subscribed for by defendant Jones, and in the one share of stock subscribed for by defendant Hawkins, but the actual interest of said Harton therein is unknown to your orator, and is so concealed and hidden from your orator that a discovery of the same by defendant is necessary to enable your orator to reach and subject the same to the satisfaction of the indebtedness owing to your orator by said Harton.

(10) And orator further shows that there are not sufficient visible assets of said Harton subject to legal execution to satisfy the obligation

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of said Harton to orator as aforesaid, and his claim would remain unsatisfied, as he verily believes, if he should convert it into a legal judgment against the said Harton, and, if the said Harton should succeed in disposing of his assets of an equitable nature and not subject to legal process, your orator would be remediless in his effort to collect said debt of the said Harton, owing to orator.

Third, by propounding interrogatories to discover the status of the lands as held by the corporation, and of the shares of stock issued to Jones & Hawkins, that is to say, whether they were held for the use and benefit of Harton, and what his interest in them is. And, fourth, by making the prayer a prayer to hold the Windsor Company as a trustee as to any title in said land it holds for the benefit of Harton, to hold Jones & Hawkins as trustees as to all corporate stock they hold for the benefit of 'Harton, and to disclose what other property Harton has, if any, subject to the payment of his debt, and to subject it to such payment if found. Demurrers were overruled.

Stokely, Scrivner & Dominick, of Birmingham, for appellants. Henry Upson Sims, of Birmingham, for appellee.

SOMERVILLE, J. Under the rulings made on the former appeal of this case, the lands described in the bill are not subject to an attorney's lien in favor of complainant, nor did their conveyance to the respondent corporation, by complainant's consent, create a constructive trust in that behalf. Harton v. Amason, 195 Ala. 594, 71 South. 180.

[1, 2] The several amendments ingrafted upon the bill after that decision work an abandonment of the theory upon which the special relief was originally prayed. As amended, the bill is now an ordinary creditor's bill for the discovery of assets, whether equitable or legal as to title, and their subjection to complainant's claim. Its equity rests upon the necessity of discovery, and the equitable nature of Harton's alleged interest in the lands as nominally held by the corporation, or in the corporate stock as nominally held by Jones and Hawkins. A fraudulent conveyance by Harton of ·assets sought to be subjected by complainant is not necessary to the equity of the bill. Pollak v. Billing, 131 Ala. 519, 32 South. 639.

[3] The amendments work no departure from the original bill. Its primary purpose was to collect a debt out of lands which belonged legally or equitably to Harton. That purpose still remains, though the theory of a preferential lien is abandoned. King v. Livingston Mfg. Co., 192 Ala. 269, 68 South. 897. As remarked in that case, the alteration of the theory upon. which a result is to be reached, although new facts are interjected, is not a departure which is obnoxious to the rules of equity procedure.

It is, of course, to be noted that if the

testimony does not show, either the necessity for a discovery, or that Harton's title in the property sought to be subjected is equitable, and not subject to legal process, then the equity of the bill fails, and complainant must be remitted to his remedies at law.

We find no error in the rulings of the trial court on the demurrers, and the decree overruling them will be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.