(89 South. 37)

**AMASON v. HARTON et al.** (6 Div. 137.)

(Supreme Court of Alabama. April 7, 1921. Rehearing Denied May 12, 1921.)

Attorney and client ⚖➡134(1)—Attorney not entitled to share in proceeds of settlement negotiated after he abandoned case.

Where, prior to a compromise and settlement of defendant's case against third persons, plaintiff, his attorney, had completely abandoned pursuit of the action, and defendant, being advised that he might proceed without reference to plaintiff, employed or consulted other counsel, and by his own efforts effected a compromise, plaintiff was not entitled to share in the proceeds of the compromise.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill by S. C. N. Amason against H. M. Harton and others to establish lien for attorney's fees, and incidentally for discovery and other relief. From a decree for respondents, complainant appeals. Affirmed.

Henry Upson Sims, of Birmingham, for appellant.

The bill is sufficient, if it avers the insufficiency of visible assets subject to the legal process and the existence of assets hidden out. 131 Ala. 527, 32 South. 639; 200 Ala. 594, 76 South. 951. Counsel discuss other matters with citation of authority, but as they are not referred to in the opinion, they are not here set out. On rehearing, counsel insist that appellant was entitled to some compensation. 1 Ala. 246; 106 Ala. 189, 17 South. 324. Also that the respondents are estopped to claim that plaintiff abandoned the employment. 200 Ala. 594, 76 South. 951.

Stokely, Scrivner & Dominick, of Birmingham, for appellees.

No fraud against the appellant was perpetrated in the sale of the property. 195 Ala. 124, 71 South. 120, Ann. Cas. 1917B, 696; Harton's interest in the property acquired from his mother's estate is subject to levy and sale under the execution. Subdivision 2, § 4091, Code 1907.

SAYRE, J. The nature of this cause was stated on a former appeal. Harton v. Amason, 200 Ala. 595, 76 South. 953. Complainant, appellant, proved the rendition of professional legal services by himself to defendant in pursuance of the contract, a statement of which, sufficient for present purposes, may be seen in Harton v. Amason, 195 Ala. 594, 71 South. 180. But complainant testifies to an agreement between himself and defendant by which the contract above alluded to was modified to this extent in effect, that, if defendant should be able to effect a compromise of his case against Enslen, Johnston, and the Empire Realty Company, complainant should reduce the amount of his fee; the amount of the reduction not, however, being agreed upon. There may be question whether this modification, complainant's version of it being accepted, did not as well exclude the conclusion that, in the event hypothesized, complainant should be paid according to the reasonable value of his services rendered, as, clearly, it excluded the idea that complainant was to be paid according to the original contract, and so, most likely, left the contract as to the amount of his compensation too indefinite for enforcement. 1 Williston on Contracts, § 41. Probably the transaction in which the original contract between the parties was modified would be construed merely as an understanding that an agreement should be entered into thereafter on such terms as might be found mutually agreeable. Smith v. Ankrim, 13 Serg. & R. (Pa.) 39. But, however that may be, we feel constrained, after due consideration of all the evidence touching upon the subject, to hold, in agreement with defendant's contention, that prior to the compromise and settlement complainant had completely abandoned pursuit of defendant's action against Enslen and others, and defendant, being advised that he might thereafter proceed without reference to complainant, employed—at least, consulted—other counsel, and by his own efforts effected a compromise. In these circumstances complainant is not entitled to share in the product of the compromise negotiated by defendant, and the trial court correctly so decreed.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.