(110 So. 296)

**HOWARD et al. v. McCARSON.  (6 Div. 302.)**

(Supreme Court of Alabama.  June 10, 1926. Rehearing Denied Nov. 11, 1926.)

**1. Attorney and client** ⬤═76(1)—**Attorney accepting retainer may not abandon employment without justifiable cause or client's consent.**

Attorney accepting retainer to conduct legal proceeding enters into entire contract to conduct it to conclusion, and may not abandon relation without justifiable cause or client's consent.

**2. Attorney and client** ⬤═109, 134(1)—**Attorney unjustifiably abandoning conduct of litigation without client's consent forfeits all right to compensation and is liable for damages.**

Attorney abandoning conduct of legal proceeding without justifiable cause or client's consent forfeits all rights to compensation, even for services already rendered, and is liable for damages.

**3. Attorney and client** ⬤═109—**Attorney's liability for withdrawal from case without client's consent on request of agent employing him depends on propriety thereof and agent's authority to dismiss him.**

Liability of attorney withdrawing from conduct of case without client's knowledge and consent on request of agent employing him depends on propriety vel non of such withdrawal, which depends on agent's authority to dismiss or discharge attorney.

**4. Principal and agent** ⬤═102(2)—**Agent's authority to prosecute claim and employ attorneys held to authorize him to discharge attorney, relieving latter from liability for withdrawal from case at agent's request.**

Agent's general authority to prosecute and settle claim and select, employ, and supervise service of attorneys held broad enough to authorize him to discharge attorney, so as to relieve latter from liability to client for withdrawing from case at agent's request.

**5. Attorney and client** ⬤═128 — **Complaint against attorneys and another, averring that "defendants or some one or more of them" collected amount of judgment, held fatally defective in not alleging other defendants' duty to see that one collecting money paid it over.**

Count of complaint against two attorneys and agent employing them, averring that "defendants or some one or more of them" collected amount of judgment recovered for plaintiff and that latter received only a small part thereof because of their negligence, held fatally defective in not alleging other defendants' duty to safeguard money in hands of one collecting it or see that it was duly paid to plaintiff.

**6. Negligence ⬚110.**

Facts from which duty follows as matter of law must be stated, and mere general allegation of duty or characterization of act as negligence is insufficient.

**7. Conspiracy ⬚22 — Plaintiff may recover damages from defendant shown guilty of tort without proving alleged conspiracy among several defendants.**

Plaintiff may recover damages from one or more defendants shown to be guilty of tort without proving alleged conspiracy, such charge, unsupported by evidence, being mere surplusage.

Appeal from Circuit Court, Jefferson County; S. F. Hobbs, Judge.

Action by Mrs. T. B. McCarson against W. E. Howard, C. L. Brewer, and S. E. Jones. From a judgment for plaintiff, defendants Howard and Brewer appeal. Reversed and remanded.

Count A of the complaint, as last amended, upon which the jury found for the plaintiff against the defendants Brewer and Howard, is as follows:

"Count A. Plaintiff claims of the defendants seventeen hundred and fifty dollars ($1,750) as damages for that heretofore before the filing of this suit plaintiff received personal injuries, and thereafter defendants undertook to endeavor to collect and deliver to her money for damages for and on account of her said personal injuries, and a suit was filed for and on behalf of plaintiff for and on account of said personal injuries, which suit was filed against the Detroit Motor Car Company in the circuit court for the tenth judicial circuit of Alabama, at Birmingham, and thereafter on, to wit, September 29, 1922, judgment was rendered in said suit in favor of plaintiff by said court in the sum of twenty-two hundred and fifty dollars ($2,250), and there was paid to the clerk of said court the amount of said judgment, to wit, twenty-two hundred and fifty dollars ($2,250) in payment of said judgment.

"Plaintiff further avers that after the said sum of twenty-two hundred and fifty dollars ($2,-250) was paid to the clerk of said court and on, to wit, September 29, 1922, defendants or some one or more of them collected from the said clerk of said court the amount of said judgment, to wit, twenty-two hundred and fifty dollars ($2,250), and plaintiff avers that she was not paid, nor did she receive ever all of said amount, but only a small part thereof, to wit, five hundred dollars ($500). Plaintiff avers that defendants negligently conducted themselves in or about their said undertaking to endeavor to collect and deliver to plaintiff as aforesaid, and as a proximate consequence of said negligence plaintiff failed to receive a large part of the amount of said judgment, to wit, the sum of seventeen hundred and fifty dollars ($1,750), which part she was entitled to receive."

The defendant Brewer demurred to each count of the complaint on numerous grounds. The demurrer being overruled, there was plea of the general issue in short by consent. The defendant Jones having died before the trial, the case was discontinued as to him, and the jury found for the plaintiff against defendants Howard and Brewer, specially under count A, for $1,750.

The plaintiff, Mrs. T. B. McCarson, had a claim against the Detroit Motor Car Company for personal injuries inflicted on her by one of its cars. She authorized her son E. B. McCarson, to look after the prosecution of the claim for her. The substance of E. B. McCarson's testimony is: That his mother gave him authority to handle the case, and that he employed one Sam Jones, who was not a lawyer, to look after the prosecution and collection of the claim, and this Jones had charge of the case, and had full authority to employ attorneys, if necessary; that Jones brought the defendant Howard to see him "as his (Jones') attorney"; that Howard "said he would represent Mr. Jones"; and that McCarson then told Howard and Jones to file suit and go ahead with the case. Thereupon suit was filed, claiming $10,000, Howard's name appearing as attorney of record for Mrs. McCarson. Thereafter, before any agreement of settlement was reached with the defendant motor company, Jones informed Howard that he wished to handle the settlement voucher in a certain way, to which Howard declined to agree, and thereupon, on the request of Jones, Howard withdrew from the case entirely, and the defendant Brewer was employed by Jones in Howard's place, and his name was substituted for Howard's as the attorney of record for Mrs. McCarson. Neither of the McCarsons was informed of Howard's withdrawal or of Brewer's substitution for him. Shortly after those events, Brewer took a judgment by consent in the case for $2,250. This money was paid into court and was paid to Brewer, as the plaintiff's attorney of record, by the clerk of the court. Brewer paid the entire amount over to Jones, after first reserving $100 for his own fee.

As to subsequent events, the testimony is in sharp conflict. Brewer's version is that Jones told him that $500 of the money was due to Mrs. McCarson, after a 50 per cent. commission and offsets due to himself, and that Jones requested Brewer to go with him to McCarson's place of business and witness the settlement to be made with Mrs. McCarson; that they went there together, and Jones said to Mrs. McCarson "that $650 and this $500 makes us even"; and that Jones handed Brewer ten $50 bills to count, which he either handed to McCarson or back to Jones. Jones took a receipt for the money.

McCarson testified that when Jones and Brewer came in together Jones stated that the case had been settled for $650, and that Mrs. McCarson would get $500, the remaining $150 to be divided between Jones and Brewer

and some third person, and that Brewer had the money and counted out $500 to Mrs. McCarson. Mrs. McCarson testified to substantially the same effect as her son, except that she attributed all of the talking to Brewer instead of to Jones.

It is without dispute that neither Jones nor Brewer ever informed either of the McCarsons of the amount of the judgment recovered and collected for Mrs. McCarson, and that neither of them learned the truth about it until some months later. It is without dispute, also, that the defendant Howard, after his withdrawal from the case, had nothing further to do with it, and had no knowledge of the settlement and disbursement of the money by Jones and Brewer until long afterwards.

C. E. Wilder and Frank Bainbridge, both of Birmingham, for appellants.

A cause of action, averred in alternative or disjunctive, must stand or fall on the weakest alternative, and if the weaker alternative fails to state a cause of action fastening liability upon defendant it fails. Sloss Co. v. Smith, 166 Ala. 437, 52 So. 38; B. R., L. & P. Co. v. Littleton, 201 Ala. 141, 77 So. 572; Mobile Lt. Co. v. Harold, 20 Ala. App. 125, 101 So. 164. One dealing with an agent acting within the line and scope of his authority is dealing with the principal, and payment to such agent, who is expressly or impliedly authorized to receive it, is payment to the principal. Farmers' B. & T. Co. v. Shut & Keihn, 192 Ala. 53, 68 So. 363; Schloss Bros. v. Gibson Co., 6 Ala. App. 155, 60 So. 436; Hall & Brown v. Haley Co., 174 Ala. 190, 56 So. 726, L. R. A. 1918B, 924; 2 C. J. 625; Hollingsworth v. Hill, 116 Ala. 184, 22 So. 460; Hamil v. Am. Freehold, etc., Co., 127 Ala. 90, 28 So. 558; Am. Mtg. Co. v. King, 105 Ala. 358, 16 So. 889. A client may dispense with the services of an attorney at will, and upon the termination of the relation all duty owing by the attorney to the client ceases. Kelly v. Horsley, 147 Ala. 508, 41 So. 902; 6 C. J. 676. The affirmative charge for defendant Howard should have been given. Garrett v. L. & N., 196 Ala. 52, 71 So. 685; Stowers v. Dwight Mfg. Co., 202 Ala. 252, 80 So. 90; V–C. Chem. Co. v. Mayson, 7 Ala. App. 588, 62 So. 254.

Bowers & Dixon, of Birmingham, for appellee.

There is no conjunctive or disjunctive allegation in the complaint. A. C. L. v. Jones, 9 Ala. App. 499, 63 So. 693; Sloss Co. v. Pilgrim, 14 Ala. App. 346, 70 So. 301; McNamara v. Logan, 100 Ala. 187, 14 So. 175. If an attorney fails to use reasonable skill and diligence in the service of his client, he is responsible for consequent injury. Evans v. Watrous, 2 Port. 206; Goodman v. Walker, 30 Ala. 482, 68 Am. Dec. 134; Pinkston v. Arrington, 98 Ala. 489, 13 So. 561. Brewer was attorney for Mrs. McCarson, and not of Jones. 6 C. J. 673; Ewing v. Shaw, 83 Ala. 333, 3 So. 692; Gibson v. Snow Hdw. Co., 94 Ala. 346, 10 So. 304. And is estopped to deny the relationship. 31 Cyc. 1244; Firestone v. Firestone, 49 Ala. 128. The fact of fraud having been brought to Brewer's and Howard's notice, each was grossly negligent in remaining quiescent and allowing its perpetration. 31 Cyc. 1450; Burke v. Taylor, 94 Ala. 530, 10 So. 129; Clifford v. Armstrong, 176 Ala. 441, 58 So. 430. After having accepted employment, an attorney may not withdraw without notice to his client, nor substitute another for himself. 6 C. J. 673; Hitchcock v. McGehee, 7 Port. 556; Johnson v. Cunningham, 1 Ala. 249; Buckley v. Buckley, 64 Hun. 632, 18 N. Y. S. 607; Hackley v. Muskegon, 58 Mich. 454, 25 N. W. 462. There was no legal withdrawal of Howard, and his transferring or relinquishing his interest to Brewer made Brewer his alter ego, leaving him responsible for Brewer's acts. 6 C. J. 673; Goodman v. Walker, supra.

SOMERVILLE, J. [1, 2] "When an attorney accepts a retainer to conduct a legal proceeding, he enters into an entire contract to conduct the proceedings to a conclusion, and he may not abandon his relation without justifiable cause, or the consent of his client. If he does so, he forfeits all right to compensation, even for services already rendered, and renders himself liable to an action for damages resulting from his wrongful withdrawal and consequent neglect of the case; he may not abandon a cause at a critical stage, leaving his client helpless in the emergency." 6 Corp. Jur. 673, 674, § 186.

[3] Assuming, without deciding, that Howward's withdrawal from the conduct of plaintiff's case may have been an efficient factor in the proximate causation of the injury she complains of, his liability would depend upon the propriety vel non of his withdrawal without the personal knowledge and consent of the plaintiff, or of her alter ego, E. B. McCarson; and that question obviously depends upon the authority of Jones, real or ostensible, to dismiss or discharge Howard from further service and responsibility, under the circumstances shown.

[4] The evidence shows that Jones was given a general authority to prosecute Mrs. McCarson's claim against the motor company, and to that end to agree upon the terms of settlement, and to select and employ an attorney, or attorneys, to serve as needed, and to supervise that service. Under that authority he selected and employed Howard, and introduced him to McCarson as his (Jones') attorney, and *Jones and Howard* were directed to carry on the suit. Under these circumstances we think that Jones' general authority was broad enough to authorize him to discharge Howard and to employ another

attorney in his place, and that the appearance of authority given to Jones justified Howard in yielding to his authority and dealing with him as though he had the authority he was exercising in the premises.

Our conclusion is that the general affirmative ·charge should have been given for Howard, as requested, and its refusal was error.

[5] Count A of the amended complaint, upon which the verdict of the jury was grounded, does not charge that any one of the three defendants was an attorney at law, nor does it charge that their undertaking "to collect and deliver to her money for damages" was a joint undertaking, or that there was any sort of association or relation between them. Again, it does not show which, if any, of the three defendants was the attorney of record in the·proceeding resulting in a judgment for $2,250 for plaintiff; nor does it show which one of the three defendants collected the judgment money from the clerk of the court, or under what authority—the allegation being simply that "the defendants, or some one or more of them," collected the money.

[6] In an action for negligence—

"The duty of defendant must be shown by a statement of facts from which the duty follows as a matter of law. A mere general allegation of the existence of a duty is insufficient, and such general averment is a conclusion of law. Nor will the characterization of an act as negligent supply an omission * * * of duty." T. C. I. & R. Co. v. Smith, 171 Ala. 251, 256, 55 So. 170, 172, citing the text of 29 Cyc. 365.

If count A had charged merely that the defendants undertook to collect and deliver money to the plaintiff, and so negligently conducted themselves in the discharge of that duty that loss or damage was proximately caused to plaintiff, it would at least have stated a good cause of action. Jones v. Darden, 90 Ala. 372, 7 So. 923. But, when it goes further and shows that some *one* of the defendants—unnamed—had actually received the judgment money from the clerk of the court and failed to pay it over to plaintiff, further allegation was necessary in order to show a duty resting upon the other two defendants to safeguard the money in the hands of the first, or to see that he duly paid it over to plaintiff as she was entitled; for there are no allegations showing that any one of the defendants was responsible for, or owed any duty with respect to; the wrongful conduct of either of the others, particularly for the misappropriation of the money after it had properly passed into the custody and control of either of the others. Several grounds of the demurrer aptly pointed out this vital defect in the count, and the demurrer should have been sustained. Indeed, it fails to state a cause of action against any one of the defendants, because of the alternative form of allegation used.

[7] Count 2 of the complaint would have supported a recovery against Brewer because of his negligent failure to inform his client, Mrs. McCarson, of the amount of the damages recovered for her, if the jury believed the testimony of plaintiff and her son as to Brewer's misstatements, or silence in the face of Jones' misstatements, as to the amount of the judgment, on the occasion when $500 was paid to her by Jones and Brewer.

It is to be inferred that the jury rejected that count as the basis for their verdict, because it charged *conspiracy to defraud,* and there was no proof of such a conspiracy, under the mistaken instruction that such proof was necessary to sustain a verdict. But such an allegation of conspiracy is not of the substance of the tort, and is in fact useful merely in aggravation of damages, or in showing a common liability of all for the acts of one.

"If a plaintiff fails in the proof of a conspiracy or concerted design, he may yet recover damages against one or more of defendants shown to be guilty of the tort without such agreement. The charge of conspiracy where unsupported by evidence will be considered mere surplusage not necessary to be proved to support the action." 12 Corp. Jur. 584, 585, § 104.

For the error noted as to each of the defendants, the judgment must be reversed and the cause remanded for another trial.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.