This is an appeal from a judgment awarding attorney fees of $17,734.92 based on a theory of quantum meruit. We affirm.
In December 1985, Kay Clark Triplett, through attorney Chris Christ, filed suit in an automobile accident case. On November 20, 1986, Triplett retained Edgar M. Elliott IV, of the law firm of Rives and Peterson, in Birmingham, Alabama, to represent her. Elliott and his law partner, Robert Cooper, filed a notice of substitution of counsel on December 15, 1986.
There was substantial discovery, and the case was set for trial on April 2, 1990; the trial was moved to a later date because of Triplett's illness. While Elliott was at the courthouse on April 2, he received a $47,500 settlement proposal from the defense attorneys. Elliott then recommended to Triplett that they make a counterproposal. Triplett instructed Elliott to turn down the proposal and to make no counterproposal; Elliott complied with Triplett's instructions. Subsequently, Elliott wrote to Triplett:
 "If you cannot provide me with this authority, I do not see how I can continue to represent you. If you do not have confidence in my recommendations and advice, you need to get an attorney in whom you do have confidence. I cannot be of assistance to anyone who does not believe in and cannot follow my advice.
 "I need to hear from you on or before April 10, 1990, concerning this. If I do not hear from you, I will assume you cannot follow my recommendation and I will proceed to withdraw from the case. . . ."
Triplett replied to his letter on April 29, 1990:
 "It is with regret that I write this letter, but I have decided to take your advice and seek other counsel. . . ."
On May 2, 1990, Elliott filed a motion to withdraw as counsel for Triplett; this motion was granted on May 23, 1990.
On May 15, 1990, Elliott intervened in Triplett's ongoing automobile accident case, filing a claim of attorney's lien pursuant to Alabama Code 1975, § 34-3-61, which provides as follows:
 "(a) Attorneys-at-law shall have a lien on all papers and money of their clients in their possession for services rendered to them, in reference thereto, and may retain such papers until said claims are satisfied, and may apply such money to the satisfaction of said claims.
 "(b) Upon actions and judgments for money, they shall have a lien superior to all liens but tax liens, and no person shall be at liberty to satisfy said action or judgment, until the lien or claim of the attorney for his fees is fully satisfied; and attorneys-at-law shall have the same right and power over action or judgment to enforce their liens as their clients had or may have for the amount due thereon to them."
Although initially Triplett and Elliott had entered into a contingency fee contract under which Elliott was to receive one-half of the recovery, Elliott asked the court to award him an attorney's fee of one-third the net value of $47,500, the amount of the settlement offered by defense attorneys. In addition to this amount, Elliott also sought $2,852.38 for expenses.
Triplett next hired John F. Kizer, Jr., and Jeff Bennitt as her counsel. Kizer filed a motion to dismiss the attorney's lien claim, alleging that Elliott had abandoned the case and thus that Elliott had no standing to enforce an attorney's lien. Elliott contends that he did not abandon the case, and that he is entitled to recover under the theory of quantum meruit.
The question before us is whether the trial court abused its discretion by *Page 910 
awarding Elliott an attorney fee of $14,882.54 plus expenses of $2,852.38 for a total of $17,734.92 based on the theory of quantum meruit.
Assuming that the rule is otherwise applicable, the ore tenus
rule applies to actions regarding attorney's liens. Ford v.Massey, 485 So.2d 1191, 1193 (Ala.Civ.App. 1986).
 "Under the 'ore tenus rule,' a presumption of correctness accompanies the trial court's judgment when it has made findings of fact based on oral testimony without a jury, and its judgment will not be reversed unless it is shown to be plainly and palpably wrong, considering all of the evidence and all inferences that can be logically drawn from the evidence. King v. Travelers Ins. Co., 513 So.2d 1023 (Ala. 1987); McCrary v. Butler, 540 So.2d 736
(Ala. 1989). The trial court's judgment in such a case will be affirmed, if, under any reasonable aspect of the testimony, there is credible evidence to support the judgment. McCrary v. Butler, supra; Jones v. Jones, 470 So.2d 1207 (Ala. 1985)."
Clark v. Albertville Nursing Home, Inc., 545 So.2d 9, 12-13
(Ala. 1989).
This Court has held that the purpose of the attorney's lien statute, § 34-3-61, Code of Ala. 1975, is to protect the attorney from loss of his investment in time, effort, and learning, and the loss of funds used in serving the interest of the client. Carnes v. Shores, 55 Ala. App. 608, 610-11,318 So.2d 305, 307 (1975). The protection afforded by the statute is not limited to attorneys of record at the time of settlement or when judgment is rendered.
The trial court in the present case relied on Gaines, Gaines Gaines, P.C. v. Hare, Wynn, Newell Newton, 554 So.2d 445
(Ala.Civ.App. 1989), in which a discharged firm sought to enforce a previous fee agreement and to establish an attorney's lien on any amount recovered. The trial court held that the discharged firm was entitled to a fee recovery based on the theory of quantum meruit for the reasonable value of services it had rendered. The Court of Civil Appeals affirmed.
It is well established in Alabama that upon an attorney's discharge, the prior part performance of a contract entitles the attorney to recover for those services rendered. As the Court of Civil Appeals pointed out in Gaines:
 " 'The rule in Alabama is that an attorney discharged without cause, or otherwise prevented from full performance, is entitled to be reasonably compensated only for services rendered before such discharge. Hall v. Gunter, 157 Ala. 375, 47 So. 155 [[1908)]. This appears to be the prevailing rule where the contract, as here, called for a contingent fee. 6 C.J. p. 724, § 293.' Owens v. Bolt, 218 Ala. 344, 348, 118 So. 590 (1928)."
554 So.2d at 448.
The trial court in the present case properly considered the several factors set out in Peebles v. Miley, 439 So.2d 137
(Ala. 1983), for determining a reasonable attorney fee and for arriving at a quantum meruit recovery. The court in Gaines
applied the Peebles factors also. 554 So.2d at 449. Some of the factors are the time consumed; the reasonable expenses incurred by the attorney; whether the fee is fixed or contingent; and the nature and length of the professional relationship. The evidence reflects that Elliott worked on the present case for approximately two and one-half years. He entered an appearance on Triplett's behalf, took all of the depositions, issued subpoenas, prepared all of the pleadings, prepared interrogatories and requests for production, attended pretrial conferences, filed exhibit and witness lists, and attended the call of the trial docket on Triplett's behalf.
We conclude that the trial judge's judgment establishing the attorney's lien in Elliott's favor was clearly supported by the evidence. Therefore, the judgment of the trial court is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON and KENNEDY, JJ., concur. *Page 911