PER CURIAM.
Lambert Law Firm, LLC (“Lambert”), petitions for a writ of mandamus directing the Morgan Circuit Court to set aside an order awarding to the respondent, Shawn Brechbill, a portion of certain funds filed with the Morgan Circuit Court clerk. We grant the petition and issue the writ.

Facts and Procedural History

Brechbill, who was represented by the law firm of Morris, Conchin & King, sued State Farm Fire and Casualty Company (“State Farm”) seeking damages for breach of contract and bad-faith failure to pay an insurance claim. The law firm filed the initial complaint, prepared various pleadings, conducted discovery, engaged experts, and filed a response to a motion for a summary judgment filed by State Farm.
Later, the law firm withdrew its representation of Brechbill. The trial court held a hearing and issued an order stating that the law firm would have a lien under Ala.Code 1975, § 34-3-61, against any settlement or judgment that became payable to Brechbill arising from his claims against State Farm. Ultimately, the law firm’s interest in the lien was assigned to Gary Conchin, a partner in the law firm.
Brechbill hired Lambert to continue the litigation. A copy of the fee agreement between the two, found in the materials before us, stated that Brechbill would pay Lambert a $5,000 retainer, would be billed for attorneys’ time at $200 an hour plus expenses, and that $30,000 must be paid before trial, $7,000 of which would be paid toward Conchin’s bill.
Brechbill ultimately received a judgment against State Farm on his breach-of-contract and bad-faith claims. At some point after the judgment was entered, Lambert withdrew from further representation of Brechbill, and the trial court entered an order granting Lambert a lien on any recovery Brechbill might be awarded. State Farm elected to appeal the verdict on the bad-faith claim, but paid to the circuit clerk one-half of the amount of the verdict[1] in satisfaction of the verdict on the breach-of-contract claim.
While State Farm’s appeal was pending, both Conchin and Lambert moved to “condemn” the funds held by the circuit clerk.[2] Brechbill also moved the trial court to release the funds to him. The trial court *941 held a hearing on May 24, 2013, and subsequently issued an order on May 30, 2013, holding that the amount owed to Conchin and Lambert was “sharply disputed” and deferred ruling on the attorneys’ motions until the conclusion of State Farm’s appeal. The trial court stated that, after the appeal was final, a hearing would be set to receive testimony and evidence regarding their respective claims to the proceeds. In the meantime, the trial court awarded a portion of the funds to satisfy a claim by a court-reporting service against Brechbill and Lambert[3] and released to Brechbill one-half of the total that had been paid by State Farm. Lambert petitions this Court for mandamus review.

Standard of Review

[1] “Mandamus is appropriate
“ ‘ “where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.” ’ ”
Ex parte Brookwood Med. Ctr., 994 So.2d 264, 268 (Ala.2008) (quoting Ex parte Perfection Siding, Inc., 882 So.2d 307, 309-10 (Ala.2003), quoting in turn Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995)).

Analysis

In its petition, Lambert asserts that, under Ala.Code 1975, § 34-3-61, it had a lien on the funds that had been deposited with the circuit clerk. Section 34-3-61 states, in pertinent part:
“(a) Attorneys-at-law shall have a lien on all papers and money of their clients in their possession for services rendered to them, in reference thereto, and may retain such papers until the claims are satisfied, and may apply such money to the satisfaction of the claims.
“(b) Upon actions and judgments for money, they shall have a lien superior to all liens but tax liens, and no person shall be at liberty to satisfy the action or judgment, until the lien or claim of the attorney for his or her fees is fully satisfied; and attorneys-at-law shall have the same right and power over action or judgment to enforce their liens as their clients had or may have for the amount due thereon to them.”
As has been noted by the Court of Civil Appeals: “The purpose of § 34-3-61 is ‘to protect the attorney from loss of his investment in time, effort, and learning, and the loss of funds used in serving the interest of the client.’ ” Harlow v. Sloss Indus. Corp., 813 So.2d 879, 887 (Ala.Civ.App.2001) (quoting Triplett v. Elliott, 590 So.2d 908, 910 (Ala.1991)).
“‘In determining the meaning of a statute, this Court looks to the plain meaning of the words as written by the legislature.’ DeKalb County LP Gas Co. v. Suburban Gas, Inc., 729 So.2d 270, 275 (Ala.1998).
“ ‘ “The cardinal rule of statutory interpretation is to determine and give effect to the intent of the legislature as manifested in the language of the statute. Absent a clearly expressed legislative intent to the contrary, the language of the statute is conclusive. Words must be given their natural, ordinary, commonly understood meaning, and where plain language is used, the court is bound to interpret that language to mean exactly what it says.” ’
“Ex parte University of South Alabama, 761 So.2d 240, 243 (Ala.1999), quoting Ex parte State Dep’t of Revenue, 683 So.2d 980, 983 (Ala.1996) (citations omitted).”
*942 Bassie v. Obstetrics & Gynecology Assocs. of Northwest Alabama, P.C., 828 So.2d 280, 288 (Ala.2002).
In its petition, Lambert contends that, because its lien and Conchin’s lien come first in priority — i.e., those liens are “superior to all liens but tax liens” — the value of their claims must be first determined before any funds can be disbursed to Brech-bill, lest the remaining funds be insufficient to cover the claimed fees. Lambert argues:
“Whatever amount is owed to Conchin and [Lambert], the plain meaning of [§ 34-3-61] is that these attorney [liens] come first in priority. To leave the amount undetermined[4] with not enough proceeds left in court to satisfy the face value of said liens is wholly against the plain meaning and purpose of the statute.”
Although the trial court indicated it would set a hearing at a later date to determine the amount of the attorney liens at issue, Lambert contends that by “distributing] 50% of the existing funds ... to Breehbill” without first determining the amount of the liens, Lambert (and Conchin) were “stripped of their ability to maintain their lien.”
In its answer to Lambert’s petition, the trial court “acknowledges that it did not provide a full blown evidentiary hearing to the parties on May 24, 2013, and that it has an obligation to do so before it makes a final ruling on the claims for attorney fees and reimbursement of expenses.” The trial court explains that it was unaware of a dispute between Breehbill and his former attorneys over the fees and “had allotted too little time for a hotly contested attorney fee trial on that day.” Further, the trial court had concerns that State Farm’s appeal was still pending at that time and had further concerns as to the clarity of the Lambert fee agreement.
Given the above, the trial court clearly acted within its discretion in refusing, at the time of the hearing, to determine the amount of the liens at issue. However, given the mandatory nature of § 34-3-61, the priority of the two liens in this case, and the limited funds to which the liens attached, the trial court must first determine the amount of the fees owed to ensure that any preliminary disbursement would not divest the fund of money in which, by law, another party would have a priority in interest. Thus, to ensure the interests granted by § 34-3-61 are protected, the trial court must determine what part of the claimed fees are owed to Conchin and Lambert and thus the amount of the resulting liens before releasing any funds to Brechbill.[5] We hold that Lambert has demonstrated a clear legal right to relief, and we therefore direct the trial court to vacate its May 30, 2013, order and to hold further proceedings consistent with this opinion.
PETITION GRANTED; WRIT ISSUED.
STUART, BOLIN, PARKER, MURDOCK, SHAW, MAIN, WISE, and BRYAN, JJ., concur.
MOORE, C.J., dissents.

. According to the trial court, this sum amounted to $161,496.64.

. On September 27, 2013, this Court reversed the judgment on Brechbill's bad-faith claim and remanded the case. State Farm Fire & Cas. Co. v. Brechbill, 144 So.3d 248 (Ala.2013).

. The trial court ordered that $4,568.79 be paid to the court-reporting service, which had apparently filed an action against Brechbill and Lambert seeking payment of the fee.

. Lambert asserts in its petition that it and Conchin claimed liens in the amount of $51,304.30 and $60,690, respectively. Lambert states: "The amount remaining of roughly $80,000.00 is not enough to cover the liens that remain should they be proven valid."

. We express no opinion as to the actual amount of fees owed or regarding Brechbill's argument that the claimed attorney fees are unreasonable.