[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14882
_____

D.C. Docket No. 2:11-cv-00455-AKK


LAURA ELLEN LEWIS,

Plaintiff-Appellant,

versus


HASKELL SLAUGHTER YOUNG & REDIKER, LLC,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(May 23, 2014)

Before HILL and COX, Circuit Judges, and MIDDLEBROOKS,* District Judge.

_____

*Honorable Donald M. Middlebrooks, United States District Judge for the Southern District of Florida, sitting by designation.

PER CURIAM:

Laura Ellen Lewis appeals the district court's order awarding attorney's fees to her former attorney, Alicia Haynes, and Haynes's firm, Haynes & Haynes, P.C. (collectively referred to as "Haynes"), after Haynes terminated the attorney-client relationship and filed a motion for an attorney's lien on Lewis's judgment in an underlying employment-discrimination suit. Lewis and Haynes entered into an attorney-client relationship that was codified in a contingency fee agreement, which provided that Haynes would receive 45 percent of any recovery obtained during her representation of Lewis and that she would be entitled to a lien on the judgment. The contract expressly waived a fee in the absence of any recovery. The agreement also provided that Haynes could terminate the agreement if Lewis made it "unreasonably difficult" for Haynes to represent her or for any other "just cause," but it did not specify what fee, if any, Haynes would obtain in the event of such a termination.

Represented by Haynes, Lewis filed suit against Haskell Slaughter Young & Rediker, LLC ("Haskell Slaughter"), alleging violations of Title VII of the Civil Rights Act of 1964 and various state law claims. During the discovery phase of the litigation, Lewis sent an associate at Haynes's firm an e-mail requesting various information about depositions and witnesses. Haynes considered the e-mail to be derogatory, accusatory, and demanding. Shortly thereafter, Haynes

2

informed Lewis that she would be terminating their attorney-client relationship, but Haynes did not notify the district court of her withdrawal until several weeks later. During this period, Haskell Slaughter sent Haynes an offer of judgment for $85,000, which Haynes forwarded to Lewis. On April 26, 2012, Lewis, represented by different counsel, filed a notice of acceptance of the judgment, and, on the same day, Haynes filed a motion to withdraw and a notice of attorney's lien against the judgment, requesting *quantum meruit* recovery for her work. [1]

The district court recognized that Alabama law does not address the questions presented here. Nevertheless, it applied Texas law and concluded that Haynes was entitled to attorney's fees in *quantum meruit* because just cause existed for the termination of the attorney-client relationship. The district court awarded Haynes $38,250.

On appeal, Lewis contends that the district court abused its discretion by awarding attorney's fees to Haynes. Lewis argues that Haynes forfeited her right to any fee by unilaterally terminating the attorney-client relationship without just cause. Additionally, Lewis asserts that the district court abused its discretion by: (1) awarding fees under a *quantum meruit* theory, as Haynes had operated with unclean hands; and, (2) awarding an unreasonable amount of attorney's fees.

---

[1] At an evidentiary hearing, Haynes expressly stated that she was *not* seeking recovery under her contract with Lewis and was seeking recovery in *quantum meruit* in the amount of $50,568.50. In additional briefing to the district court, Haynes voluntarily agreed to accept $38,250, which was 45 percent of the $85,000 judgment.

Moreover, Lewis contends that the district court erred by failing to enter a judgment resolving the underlying suit between Lewis and Haskell Slaughter on the date that she filed her notice of acceptance of judgment.[2]

We review decisions regarding attorney's fees and costs for an abuse of discretion. *Friends of Everglades v. S. Fla. Water Mgmt. Dist.*, 678 F.3d 1199, 1201 (11th Cir. 2012). An abuse of discretion exists "only when a decision is in clear error, the district court applied an incorrect legal standard or followed improper procedures, or when neither the district court's decision nor the record provides sufficient explanation to enable meaningful appellate review." *Id.*

The district court began by observing that the rights and obligations of a party to a contingency fee contract are governed by state law. *Zaklama v. Mount Sinai Med. Ctr.*, 906 F.2d 650, 652 (11th Cir. 1990). Alabama law provides that, where a contingency fee arrangement exists, a law firm is not entitled to any fee until the firm recovers on the underlying claim or some part of it. As a result, abandonment of the suit before the litigation ends deprives the firm of any right to compensation. *Troy v. Hall & Farley*, 47 So. 1035, 1036 (Ala. 1908) (holding that the firm was not entitled to compensation where it had abandoned the case by not doing anything other than reading briefs and court opinions filed in the case for years).

---

[2] We note that Haynes concedes that Lewis is entitled to a judgment, minus her lien.

However, the attorneys in *Troy* voluntarily abandoned the case for no just reason. *Id.* In *Howard v. McCarson*, 110 So. 296, 297 (Ala. 1926), the Alabama Supreme Court opined that where an attorney abandons his client "*without justifiable cause . . .* he forfeits all right to compensation, even for services already rendered . . . . " (emphasis added). The district court noted that this language implies that an attorney who withdraws *with* justifiable cause may be entitled to recover reasonable compensation. No standard of review for justifiable cause, however, was established either in *Howard* or in subsequent Alabama cases.[3]

Thus, the district court was required to answer several thorny issues of Alabama law without any significant guidance from its courts. Is an attorney who has expressly waived any compensation in the absence of a recovery nevertheless entitled to compensation if he withdraws prior to recovery but for just cause? If the contract with the client permits withdrawal where the attorney client relationship is "difficult," what satisfies

---

[3] In *Amason v. Harton*, 89 So. 37 (Ala. 1921), the Supreme Court of Alabama concluded that the original attorney was not entitled to benefit from the judgment where, prior to settlement, the attorney abandoned the action and advised the plaintiff that the plaintiff could pursue the action "without reference" to him, and where the plaintiff obtained a settlement after, at minimum, consulting with new counsel.

such a standard? If the attorney's withdrawal was justifiable, what is the measure of the fee? Is the recovery in *quantum meruit*?[4]

In the absence of any Alabama law from which the answers to these questions could be inferred, the district court adopted Texas law as explicated by the Fifth Circuit. *See Auguston v. Linea Aerea Nacional-Chile S.A.*, 76 F.3d 658, 662 (5th Cir. 1996). In *Auguston*, the Fifth Circuit held that Texas law permits an attorney to be compensated in *quantum meruit* where the attorney has withdrawn from representation prior to settlement due to "culpable conduct" on the part of the client. *Id*. at 663. Such conduct would include where the client attempts to assert a fraudulent claim; fails to cooperate; refuses to pay for services; degrades or humiliates the attorney; or, retains other counsel with whom the original attorney cannot work." *Id*. The district court buttressed this conclusion with additional authority from Missouri, Illinois, and the Court of Appeals for the Seventh Circuit.

We are reluctant to opine on Alabama law on such an important issue without firmer guidance from the courts of that state. The question in this case cannot be answered by reference to the law of other states. In the absence of precedent from which we might reliably deduce how the Alabama courts would

---

[4] Alabama law provides that an attorney may seek compensation apart from his contract with the client under a theory of *quantum meruit* by filing a lien under Alabama Code § 34-3-61. *Harlow v. Sloss Indus. Corp.*, 813 So.2d 879, 887 (Ala. Civ. App. 2001).

6

decide the questions we recited above, we are unable to determine if the district court abused its discretion by awarding attorney's fees to Haynes.

We certify questions to the relevant state supreme court "[w]hen substantial doubt exists about the answer to a material state law question upon which the case turns." *Ohio Cas. Ins. Co. v. Holcim (US), Inc.*, 548 F.3d 1352, 1359 (11th Cir. 2008) (quotation omitted). Certification allows us "to avoid making unnecessary state law guesses and to offer the state court the opportunity to explicate state law." *Id.* (quotation omitted). The state supreme court is the only court that can provide correct answers to state law questions, as the state's highest court is the one true and final arbiter of state law. *Id.*

Accordingly, we have determined that certification of the following questions to the Supreme Court of Alabama is necessary for us to resolve this appeal.

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF ALABAMA PURSUANT TO RULE 18 OF THE ALABAMA RULES OF APPELLATE PROCEDURE.

TO THE SUPREME COURT OF ALABAMA AND ITS HONORABLE JUSTICES:

Because this appeal depends on resolution of this question of unsettled Alabama law, we certify the following questions to the Supreme Court of Alabama:

(1) MAY AN ATTORNEY WITHDRAW FROM A CONTINGENT FEE CASE PRIOR TO ANY RECOVERY AND SEEK

7

REASONABLE COMPENSATION FOR HIS SERVICES IF HE HAS JUST CAUSE FOR THE WITHDRAWAL?

(2) IF SO, UNDER WHAT CIRCUMSTANCES, IF ANY, DOES A DIFFICULT RELATIONSHIP WITH A CLIENT CONSTITUTE JUST CAUSE?

The phrasing used in these certified questions should not restrict the Supreme Court's consideration of the issues presented in this case. This extends to the Supreme Court's restatement of the issues and the manner in which the answer is given. To assist the Supreme Court's consideration of the case, the entire record, along with the briefs of the parties, shall be transmitted to the Supreme Court of Alabama.

**QUESTIONS CERTIFIED.**