PER CURIAM:
Laura Ellen Lewis appeals the district court’s order awarding attorneys’ fees to her former attorney, Alicia Haynes and Haynes’ firm, Haynes & Haynes, P.C. (collectively referred to as “Haynes”), after Haynes terminated their attorney-client relationship and filed a motion for an attorney’s lien on Lewis’ judgment in this employment-discrimination action. For the following reasons, we affirm the district court’s fee award.
I.
Lewis and Haynes entered into an attorney-client relationship that was codified in a contingency fee agreement, which provided that Haynes would receive forty-five percent of any recovery obtained during her representation of Lewis and that she would be entitled to a lien on the judg *812 ment. The contract expressly Waived a fee in the absence of any recovery. The agreement also provided that Haynes could terminate the agreement if Lewis made it “unreasonably difficult” for Haynes to represent her or for any other “just cause,” but it did not specify what fee, if any, Haynes would obtain in the event of such a termination.
Represented by Haynes, Lewis filed this employment-discrimination action against Haskell Slaughter Young & Rediker, LLC, alleging violations of Title VII of the Civil Rights Act of 1964 and various state law claims. During the discovery phase of this litigation, Lewis sent an email to an associate at Haynes’ firm requesting various information about depositions and witnesses. Haynes considered the e-mail to be derogatory, accusatory, and demanding. Shortly thereafter, Haynes informed Lewis that she would be terminating their attorney-client relationship. Haynes did not notify the district court of her withdrawal until several weeks later. During the interim, Haskell Slaughter sent Haynes an offer of judgment for $85,000, which Haynes forwarded to Lewis. Lewis, represented by different counsel, filed a notice of acceptance of the judgment, and, on the same day, Haynes filed a motion to withdraw and a notice of attorney’s lien against the judgment, requesting quantum meruit recovery for her work. Lewis opposed the fees request on the grounds that Haynes withdrew prior to recovery and was not entitled to any fee.
The district court recognized that Alabama law does not directly address the questions presented here. Nevertheless, it considered the laws of other states and concluded that Haynes was entitled to attorneys’ fees in quantum meruit because just cause existed for the termination of the attorney-client relationship. The district court awarded Haynes $38,250.[1]
II.
On appeal, Lewis contends that the district court abused its discretion by awarding attorneys’ fees to Haynes. Lewis argues that Haynes forfeited her right to any fee by unilaterally terminating the attorney-client relationship without just cause. Additionally, Lewis asserts that the district court abused its discretion by: (1) awarding fees under a quantum meruit theory, as Haynes had operated with unclean hands; and, (2) by awarding an unreasonable amount of attorneys’ fees. Moreover, Lewis contends that the district court erred by failing to enter a judgment resolving the underlying suit between Lewis and Haskell Slaughter on the date that she filed her notice of acceptance of judgment.[1]
[2]
We review decisions regarding attorneys’ fees and costs for an abuse of discretion. Friends of Everglades v. S. Fla. Water Mgmt. Dist., 678 F.3d 1199, 1201 (11th Cir.2012). An abuse of discretion exists “only when a decision is in clear error, the district court applied an incorrect legal standard or followed improper procedures, or when neither the district court’s decision nor the record provides sufficient explanation to enable meaningful appellate review.” Id.
*813 The district court began by correctly observing that the rights and obligations of a party to a contingency fee contract are governed by state law. Zaklama v. Mount Sinai Med. Ctr., 906 F.2d 650, 652 (11th Cir.1990). Alabama law provides that, where a contingency fee arrangement exists, a law firm is not entitled to any fee until the firm recovers on the underlying claim or some part of it. As a result, abandonment of the suit before the litigation ends deprives the firm of any right to compensation. Troy v. Hall & Farley, 157 Ala. 592, 47 So. 1035, 1036 (1908) (holding that the firm was not entitled to compensation where it had abandoned the case by not doing anything other than reading briefs and court opinions filed in the case for years).
However, the attorneys in Troy voluntarily abandoned the case without just cause. Id. In Howard v. McCarson, 215 Ala. 251, 110 So. 296, 297 (1926), the Alabama Supreme Court opined that where an attorney abandons his client “without justifiable cause ... he forfeits all right to compensation, even for services already rendered.... ” (emphasis added). The district court noted that this language implies that an attorney who withdraws with justifiable cause may be entitled to recover reasonable compensation. The district court did not abuse its discretion in reaching this conclusion.
Furthermore, in Triplett v. Elliott, 590 So.2d 908, 910 (Ala.1991), the Alabama Supreme Court affirmed the award of fees to an attorney who was discharged without cause, or otherwise prevented from full performance. The Court held that under such circumstances, the attorney is entitled to be reasonably compensated for services rendered before such discharge. Id. The Court said this also appears to be the prevailing rule where the contract calls for a contingent fee. Id. Finally, the Court opined that a “presumption of correctness” accompanies the trial court’s judgment when it has made findings of fact in actions regarding attorneys’ liens. Id.
Although there appears to be no Alabama case in which it is the attorney demanding fees who terminated the attorney-client relationship prior to a successful recovery, from the foregoing cases we infer that the Alabama courts would award fees to an attorney who withdraws with just cause prior to the conclusion of a contingent fee contract. We conclude that the Alabama courts would follow the modern majority rule that an attorney who withdraws from a case for good cause or with appropriate justification may recover in quantum meruit for services he rendered prior to the withdrawal. See In re Carlson, 263 F.3d 748, 750 (7th Cir.2001) (establishing that a lawyer has a legally enforceable interest “in a potential contingent fee ... before judgment or settlement ... even if he withdraws rather than being terminated, provided that the withdrawal is for good cause.”).
The issue in this case, then, is whether Haynes withdrew with just cause. This is, of course, a legal conclusion we draw from the facts of the case. See Augustson v. Linea Aerea Nacional-Chile S.A., 76 F.3d 658, 663 (5th Cir.1996). Broadly speaking, “just cause exists when the client has engaged in culpable conduct.” Id. Examples would be insistence on the assertion of a fraudulent claim; failure to cooperate; refusal to pay; humiliation of the attorney or other similar conduct on the part of the client. Id. The focus is on the cause of the attorney-client disagreement and the reason for the withdrawal. Id. The district court findings of fact in this regard are presumed correct absent clear error. Triplett, 590 So.2d at 910.
*814 In this case, the district court found that the evidence demonstrated that, at the time she sent the email, Lewis no longer trusted or accepted the professional decisions of Haynes and her firm. The court concluded that Lewis’ testimony at trial that she called Haynes “clueless” indicated a complete lack of confidence in Haynes. Furthermore, the evidence was that the parties’ relationship had completely deteriorated to the extent that Haynes could no longer continue her representation of Lewis. From these facts, the district court concluded that Haynes was justified in her withdrawal from representation of Lewis and that it was no longer in Lewis’ best interest that Haynes represent her.
Furthermore, the district court rejected Lewis’ claim that Haynes acted with unclean hands in her conduct of the case or her withdrawal. The court engaged in a lengthy and thoughtful consideration of the facts regarding this claim, including the nature of the lawsuit and the various factors impacting settlement, and concluded that Haynes and her firm conducted the litigation in a competent and professional manner with “no evidence of wrongful or unprofessional conduct by Haynes or [her firm].”
Thus, under the rule the district court concluded that Alabama would follow, Haynes and her firm are entitled to recovery in quantum meruit of just compensation for services rendered. Haynes and her firm worked on this matter for eighteen months and performed, among other things, settlement negotiations, drafting of the EEOC charge and complaint, and extensive paper discovery. The district court determined that $38,250.00 was a reasonable award in quantum meruit. We find no abuse of discretion here.
III.
For the foregoing reasons, we affirm the judgment of the district court awarding Haynes attorneys’ fees in the amount of $38,250.00. The case shall be remanded, however, so that the district court may enter a separate judgment for Lewis nunc pro tunc as of April 26, 2012, the date she accepted defendant’s offer of judgment.
AFFIRMED and REMANDED.

. At an evidentiary hearing, Haynes expressly stated that she was not seeking recovery under her contract with Lewis and was seeking recovery in quantum meruit in the amount of $50,568.50. In additional briefing to the district court, Haynes voluntarily agreed to accept $38,250, which was 45 percent of the $85,000 judgment.

. We note that Haynes concedes that Lewis is entitled to a judgment on her employment-discrimination claim, but contends that it is subject to her lien.