[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15053
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 30, 2012
JOHN LEY
CLERK

D.C. Docket No. 9:02-cv-80309-CMA

FRIENDS OF THE EVERGLADES, et al.,

                                        Plaintiffs-Counter Defendants,

MICCOSUKEE TRIBE OF INDIANS OF FLORIDA,
a Florida municipality,

                                        Intervenor Plaintiff-Counter
                                        Defendant-Appellant,

versus

SOUTH FLORIDA WATER MANAGEMENT DISTRICT,

                                        Defendant-Counter Claimant-
                                        Appellee,

HENRY DEAN, Executive Director,

                                        Defendant,

UNITED STATES OF AMERICA,
U.S. SUGAR CORPORATION,

                                        Intervenors-Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 30, 2012)

Before CARNES, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Miccosukee Tribe of Indians of Florida (the Tribe) appeals the district court's denial of its motion for attorneys' fees. The district court found that the Tribe was not a "prevailing party" because, although the district court had ruled in its favor, the decision was overturned on appeal. After a thorough review, we affirm.

The complex history of this case is set out in *Friends of Everglades v. South Florida Water Management District*, 570 F.3d 1210, 1213-15 (11th Cir. 2009). In short, the Friends of the Everglades and Fishermen Against the Destruction of the Environment filed suit against the South Florida Water Management District (the Water District) under the Clean Water Act to enjoin the Water District from pumping polluted canal water into Lake Okeechobee. The Tribe joined the suit on the plaintiffs' side. After a two-month bench trial, the district court found in favor of the plaintiffs and issued an injunction to the executive director of the Water

2

District, requiring him to apply for a National Pollution Discharge Elimination System permit. *Id.* On appeal, this court reversed and remanded in relevant part, deferring to a recently-enacted EPA regulation that confirmed the permit was not required. *Id.*

While the case was pending on appeal, the Tribe filed a motion for attorneys' fees and costs totaling over $1.4 million. The Tribe asserted that it was the prevailing party and thus was entitled to fees under 33 U.S.C. § 1365(d). After this court reversed the district court's order on the injunction, the district court denied the motion for fees and costs, concluding that the Tribe was not the prevailing party and that equity did not call for the Tribe to obtain fees. This is the Tribe's appeal.

The Tribe argues that it was entitled to fees as the "prevailing party" because it achieved some form of relief, namely an injunction and the promulgation of the EPA's new rules. The Tribe further argues that equity required the court grant the motion for fees, as the Tribe had no control over the promulgation of the new rules and the court should consider the Water District's influence on the EPA to enact the rules.

We review the denial of a motion for attorneys' fees and costs for abuse of discretion. *Sahyers v. Prugh, Holliday & Karatinos, P.L.*, 560 F.3d 1241, 1244

(11th Cir. 2009).  We will find an abuse of discretion only when a decision is in clear error, the district court applied an incorrect legal standard or followed improper procedures, or when neither the district court's decision nor the record provide sufficient explanation to enable meaningful appellate review.  *Peer v. Lewis*, 606 F.3d 1306, 1311 (11th Cir. 2010); *Cox Enters., Inc. v. News–Journal Corp.*, 510 F.3d 1350, 1360 (11th Cir. 2007).

Generally, parties pay their own fees and costs in connection with bringing a law suit unless some statutory fee-shifting provision permits the court to award fees to a "prevailing party."  *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975); *Loggerhead Turtle v. Cnty. Council of Volusia Cnty., Fla.*, 307 F.3d 1318, 1322 (11th Cir. 2002).  Absent a contrary legislative directive, a "prevailing party" is one who prevails on "any significant issue" and thereby achieves some of the benefits sought by bringing suit.  *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791-92 (1989).  Here, the Clean Water Act specifically allows the court to award attorneys' fees and costs to "any prevailing or substantially prevailing party, whenever the court determines that such award is appropriate."  33 U.S.C. § 1365(d).  A prevailing or substantially prevailing party is one who prevailed "in what the lawsuit originally sought to accomplish."  *Hughey v. JMS Dev. Corp.*, 78 F.3d 1523, 1532 (11th Cir. 1996)

(citation omitted).  In other words, an award of attorneys' fees in a Clean Water

Act suit is appropriate when the moving party has advanced the goals of the Act.

*Chemical Mfrs. Ass'n v. United States Envtl. Prot. Agency*, 885 F.2d 1276, 1279

(5th Cir. 1989).

In addition to the "prevailing party" requirement, the district court must

determine that the award is "appropriate."  33 U.S.C. § 1365(d); *Loggerhead*

*Turtle*, 307 F.3d at 1323 (citing *Ruckelshaus v. Sierra Club*, 463 U.S. 680 (1983)).

As the Supreme Court has explained, "the term 'appropriate' modifies but does not

completely reject the traditional rule that a fee claimant must 'prevail' before it

may recover attorney's fees."  *Ruckelshaus*, 463 U.S. at 686.  Thus, "absent some

degree of success on the merits by the claimant, it is not 'appropriate' for a federal

court to award attorney's fees."  *Id.* at 694; *see also id*. at 688 n.9 ("[T]rivial

success on the merits, or purely procedural victories, would [not] justify an award

of fees under statutes setting out the 'when appropriate' [ sic ] standard.").[1]  Thus,

"there is unambiguous evidence that Congress intended the 'whenever . . .

appropriate' fee provisions of the . . .  Clean Water Act to allow fee awards to

plaintiffs who do not obtain court-ordered relief but whose suit has a positive

---

[1] *Ruckelshaus* was a Clean Air Act case, but the Court explained that its holding applied to the use of "appropriate" in all statutes containing the "whenever . . . appropriate" standard. *Ruckelshaus*, 463 U.S. at 682 n.1.  Because the Clean Water Act uses this term, we apply *Ruckelshaus* here.

5

catalytic effect." *Loggerhead Turtle*, 307 F.3d at 1326.

The crux of the Tribe's argument on appeal is that it substantially prevailed because its lawsuit was the catalyst that prompted the EPA to enact the new rules, even though those rules were contrary to the Tribe's position. We disagree.

The Tribe did not prevail, or substantially prevail, in its suit. It did not obtain an injunction or a declaratory judgment entered in its favor; nor was there a settlement or consent decree. *See Hewitt v. Helms*, 482 U.S. 755, 760 (1987) (discussing "prevailing party" under 42 U.S.C. § 1988 and concluding that the plaintiff was not a prevailing party because he did not obtain any relief on the merits of his claim); *see also Falanga v. State Bar of Ga.*, 150 F.3d 1333, 1347 (11th Cir. 1998) (reversing award of attorneys' fees because once the court of appeals reversed the district court's judgment, the plaintiffs were no longer the prevailing party). Indeed, the result the Tribe sought – an injunction requiring the Water District to obtain a permit – is exactly what the Tribe did not receive. All that can be said of the Tribe's action is that it led the EPA to promulgate rules contrary to the Tribe's position. We do not think this renders the Tribe a "substantially prevailing" party; nor is this is what was intended by the idea that a law suit has a positive catalytic effect.

The inclusion of the term "whenever . . . appropriate" supports our

conclusion here. Although Congress intended to permit courts to award fees "to plaintiffs who do not obtain court-ordered relief but whose suit has a positive catalytic effect," it did not intend for this provision to extend to unsuccessful parties. *See Loggerhead Turtle*, 307 F.3d at 1326 (citing *Ruckelshaus*, 463 U.S. at 686 n.8). Essentially, the Tribe, as the losing party, seeks to obtain fees and costs from the winning party. We cannot conclude that Congress intended such a result. *See Ruckleshaus*, 463 U.S. at 684.

We also disagree with the Tribe that equity demands it receive fees and costs. The Tribe bases its equity argument on its belief that the Water District influenced the EPA to enact a new rule contrary to the Tribe's position. The Tribe cites no law in support of its claim on fees in this regard. Given the level of deference in our review, we cannot conclude that the district court abused its discretion in this case.

**AFFIRMED.**