[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11567
Non-Argument Calendar
_____

D.C. Docket No. 1:00-cv-02437-ECS


DONALD E. GRYDER,

Plaintiff -Appellant,

versus

SECRETARY, U.S. DEPARTMENT OF TRANSPORTATION,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(November 19, 2013)

Before PRYOR, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Donald Gryder, proceeding pro se, appeals the denial of his motion for

attorney's fees and costs under 42 U.S.C. § 2000e-5(k) in a Title VII action in

which he claimed to be the prevailing party.  Having considered the parties' briefs and the record, we affirm.

## I

Because we write for the parties, we assume familiarity with the underlying facts of the case and recite only what is necessary to resolve this appeal.

In July 2000, Mr. Gryder sued, among other defendants, the Federal Railroad Administration, a component of the Department of Transportation, alleging unlawful retaliation under Title VII of the Civil Rights Act of 1964 stemming from his having filed complaints with the Equal Employment Opportunity Commission.  On May 19, 2003, following a favorable advisory jury verdict for lost wages and benefits, Mr. Gryder filed a pro se motion for attorney's fees and costs that was accompanied by a non-verified list of fees, expenses, and other monetary losses purportedly incurred from his participation in the litigation. The magistrate judge[1] denied this motion as premature and then—rejecting the jury's advisory verdict—denied Mr. Gryder equitable relief on the merits.  Mr. Gryder appealed.

On November 12, 2003, Mr. Gryder filed a first amended motion for attorney's fees and costs and incorporated similar unsigned documentation as he

---

[1] The parties consented to magistrate judge jurisdiction over the case under 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.

had attached to his initial fees and costs motion. Mr. Gryder subsequently supplemented this motion with invoices from his attorneys for purported fees and expenses; this documentation, however, included no sworn testimony verifying the number of hours worked or opining on the reasonableness of the hourly rate he was charged. On January 4, 2004, the magistrate judge deferred ruling on the first amended motion pending our resolution of the appeal that Mr. Gryder had filed on the merits. We reversed the magistrate judge's order on the merits and remanded for the award of equitable relief in an unpublished opinion on April 14, 2005. *See Gryder v. Mineta*, 143 F. App'x 297 (11th Cir. 2005) (Table).

On remand, the magistrate judge awarded Mr. Gryder reinstatement and back pay in an order and judgment entered on September 15, 2010. In the judgment, the magistrate judge cautioned Mr. Gryder that any motion for attorney's fees should comport with the requirements of Federal Rule 54 and the district court's local rules.

On August 21, 2012, following a second appeal,[2] Mr. Gryder—represented by counsel—filed a second amended motion for attorney's fees, which he contended constituted a timely amendment to his November 12, 2003 first amended motion on which the magistrate judge had previously reserved judgment but not yet ruled. The magistrate judge denied the second amended motion,

---

[2] *See Gryder v. Dennin*, 427 F. App'x 844 (11th Cir. 2011) (per curiam).

finding that Mr. Gryder had not properly perfected his 2003 first amended motion because he had submitted no affidavit attesting to the reasonableness of the hourly rate, the number of hours billed, or the veracity of his purported expenses within 30 days of filing the motion as required under Northern District of Georgia Local Rule 54.2. The magistrate judge concluded, in the alternative, that the second amended motion was also untimely under Federal Rule of Civil Procedure 54(d). Mr. Gryder now appeals.

## II

"We review the denial of a motion for attorney's fees and costs for abuse of discretion." *Friends of the Everglades v. S. Fla. Water Mgmt. Dist.*, 678 F.3d 1199, 1201 (11th Cir. 2012). We similarly accord "great deference to a district court's interpretation of its local rules and review a district court's application of local rules for an abuse of discretion." *Mann v. Taser Intern., Inc.*, 588 F.3d 1291, 1302 (11th Cir. 2009) (internal quotation marks omitted). An abuse of discretion occurs "only when a decision is in clear error, the district court applied an incorrect legal standard or followed improper procedures, or when neither the district court's decision nor the record provide sufficient explanation to enable meaningful appellate review." *Friends of the Everglades*, 678 F.3d at 1201.

Title VII permits the district court, "in its discretion, [to] allow the prevailing party . . . a reasonable attorney's fee." 42 U.S.C. § 2000e-5(k). Where,

4

as here, neither the district court nor a statute provides otherwise, a motion for attorney's fees must "be filed no later than 14 days after the entry of judgment[.]" Fed. R. Civ. P. 54(d)(2)(B)(i).

### III.

Mr. Gryder argues that the magistrate judge erred in ruling that his 2012 second amended motion did not constitute a timely amendment to his 2003 first amended motion. Although we are mindful that the magistrate judge reserved judgment and did not rule on the first amended motion until Mr. Gryder brought the second amended motion, we need not decide whether the second amended motion related back as a timely amendment because the magistrate judge properly exercised his discretion in finding that the first amended motion was not properly perfected.

Rule 54.2 of the Civil Local Rules for the United States District Court for the Northern District of Georgia provides that, where a final judgment does not determine the amount of attorney's fees, a party must (1) file a written motion; (2) specifying the amount (or a fair estimate of the amount) of fees and expenses sought; and (3) "file and serve a detailed specification and itemization of the requested award, with appropriate affidavits and other supporting documentation" within 30 days after filing the motion. *See* N.D. Ga. Civ. L.R. 54.2(A)(1)-(2).

5

Mr. Gryder filed the first amended motion on November 12, 2003, but submitted no affidavits supporting the sufficiency and propriety of the attorney's fees and expenses he sought within 30 days thereafter as Local Rule 54.2 requires. Viewing the second amended motion as a supplement to the first amended motion, as Mr. Gryder urges, the magistrate judge acted well within his discretion in concluding that the first amended motion was never perfected. *See Clark v. Hous. Auth. of City of Alma*, 971 F.2d 723, 727 (11th Cir. 1992) (district court did not abuse its discretion in denying motion for attorney's fees as untimely under local rule). Noncompliance with Local Rule 54.2 rendered the first amended motion fatally defective 30 days after it was filed and a nullity by the time Mr. Gryder filed the second amended motion nearly nine years later. *See* N.D. Ga. Civ. L.R. 54.2(A)(1)-(2).

We reach the same result even if we view the second amended motion as a free-standing request for fees and costs. The magistrate judge entered judgment on September 15, 2010. The second amended motion, filed just under two years later, came well after the 14-day post-judgment timeframe for filing a motion for attorney's fees under Rule 54. *See* Fed. R. Civ. P. 54(d)(2)(B)(i).

To the extent that Mr. Gryder seeks costs that fall beyond the scope of Local Rule 54.2, the magistrate judge would have been within his discretion to deny such a claim. In relevant part, 28 U.S.C. § 1924 provides that "[b]efore any bill of costs

6

is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed." 28 U.S.C. § 1924.  Mr. Gryder did not accompany the first amended motion with such an affidavit.  Although he did attach an affidavit to the second amended motion, the motion and affidavit were filed well beyond the 30-day post-judgment deadline set forth in Civil Local Rule 54.1.  *See* N.D. Ga. Civ. L.R. 54.1 ("bill of costs must be filed by the prevailing party within thirty (30) days after the entry of judgment. A bill of costs which is not timely filed will result in the costs not being taxed as a part of the judgment*.").  See generally Big Top Koolers, Inc. v. Circus-Man Snacks, Inc.*, 528 F.3d 839, 844 (11th Cir. 2008) ("[W]e can affirm on any ground that finds support in the record.").

## IV

For the foregoing reasons, the magistrate judge did not abuse his discretion. We therefore affirm the denial of Mr. Gryder's motions for attorney's fees and costs.

**AFFIRMED**.