[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13616
Non-Argument Calendar
_____

D.C. Docket No. 5:10-cv-00380-VMC-PRL

ROBERT WAYNE GILLMAN,

Petitioner - Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 14, 2014)

Before ED CARNES, Chief Judge, TJOFLAT and JORDAN, Circuit Judges.

PER CURIAM:

Robert Wayne Gillman, a Florida state prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition as untimely. He contends that the district court erred in concluding that he was not entitled to equitable tolling of the one-year statute of limitations provided for under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

I.

Gillman is serving a sentence of life imprisonment after he was convicted in 2003 on charges of first-degree murder, second-degree murder, and armed burglary. On September 7, 2004, the one-year statute of limitations for Gillman to file his § 2254 petition began to run after his convictions became final. To assist him in pursuing post-conviction relief, Gillman hired Charles Daniel Akes to serve as his attorney. Gillman sent Akes materials relevant to his case, including his copy of the trial transcripts, by September 2004.

Akes served as Gillman's lawyer from September 2004 until November 2005. During that time, he failed to file any motions on Gillman's behalf. Gillman sent Akes several letters asking about the status of his case, and Akes responded only once to assure Gillman that he was working on his case. Gillman's friends and family also looked into Akes' diligence, calling his office several times for updates on the progress of Gillman's petition. On the occasions when they called Akes' office, they were either unable to speak with him about the case or received

2

assurances that he was still working on preparing a state motion for post-conviction relief.

In the spring of 2005, with no updates from Akes forthcoming, Gillman took other steps to ensure that his petition would be timely filed. In March 2005 he sent Akes several letters requesting that he return the copy of the trial transcripts that Gillman had sent to him so he could help prepare his state court motion. Despite those requests, Akes never returned the transcripts to Gillman. Gillman eventually filed a pro se motion for post-conviction relief under Florida Rule of Criminal Procedure 3.800 on July 1, 2005, which tolled the statute of limitations for his § 2254 petition. By that date, 297 days had passed since the federal statute of limitations began running, which meant that he would have 68 more days to file his § 2254 petition once his limitations period began to run again.

In August 2005 Gillman filed a complaint against Akes with the Florida Bar. His complaint was forwarded to the grievance committee, and it was resolved in November 2005 without any formal disciplinary action against Akes.[1] Gillman did not consider Akes to be his lawyer after the disciplinary proceedings had concluded.

---

[1] After other clients filed complaints with the Florida Bar, Akes was eventually suspended from the practice of law.

3

While Akes was still Gillman's lawyer, a Florida trial court denied the Rule 3.800 motion that Gillman had filed pro se. On December 13, 2005, Florida's Fifth District Court of Appeal affirmed the denial and its mandate issued on February 6, 2006. At that point, the statute of limitations on Gillman's § 2254 petition began to run again and was set to expire 68 days later on April 15, 2006.[2]

In December 2005 Gillman retained a new attorney, Stephanie Mack, to replace Akes. Mack worked on his case for several months, but in March 2006 she asked Gillman to sign a conflict waiver after informing him that she had previously worked as a staff attorney for Florida's Fifth Judicial Circuit, which was the same circuit in which Gillman was convicted. He refused to sign the waiver.

Shortly thereafter Gillman retained William Sheppard and Bryan DeMaggio to serve as his post-conviction counsel. Those attorneys helped Gillman prepare a state post-conviction motion under Florida Rule of Criminal Procedure 3.850.[3] Gillman signed the verification form on that motion on April 12, 2006 — a few days before the statute of limitations would expire for his § 2254 petition. Although properly filing the Rule 3.850 motion would have again tolled the § 2254 statute of limitations, for some unexplained reason Sheppard and DeMaggio did

---

[2] That date fell on a Saturday, which meant that (without any additional tolling) he would not have to file his petition until the following Monday, April 17, 2006. See Fed. R. Civ. P. 6(a).

[3] Although Gillman alleged that Akes had failed to return his copy of the trial transcripts, it is undisputed that the Rule 3.850 motion included citations to those transcripts. It is unclear whether Sheppard and DeMaggio received Gillman's copy of the trial transcripts from Akes, or whether they obtained new transcript copies on their own.

not file the motion until June 20, 2006.[4]  By then the deadline for Gillman to file his § 2254 petition had expired.  He eventually filed his federal petition on August 5, 2010.  After holding an evidentiary hearing and determining that Gillman was not entitled to equitable tolling of the statute of limitations, the district court dismissed his petition as untimely.

## II.

Gillman challenges the district court's determination that he was not entitled to equitable tolling of the § 2254 statute of limitations.  He contends that he was entitled to equitable tolling because Akes abandoned him and did not immediately return his copy of the trial transcripts, which he claims he needed to prepare a meaningful § 2254 petition.[5]  We review de novo whether Gillman's § 2254 petition was timely filed, as well as whether he was entitled to equitable tolling. Chavez v. Sec'y, Dep't of Corr., 647 F.3d 1057, 1060 (11th Cir. 2011); Hepburn v. Moore, 215 F.3d 1208, 1209 (11th Cir. 2000).  The only issue we address is whether Gillman was entitled to equitable tolling because neither side disputes that, without that tolling, his petition would be time-barred.

---

[4] That motion was also denied, and the denial was affirmed on appeal.  The mandate was issued on July 21, 2010.

[5] Although Gillman makes several other arguments on appeal, he did not fairly raise them before the district court.  Therefore, we will consider only the argument that Gillman raised below.  See Nyland v. Moore, 216 F.3d 1264, 1265 (11th Cir. 2000); Smith v. Sec'y, Dep't of Corr., 572 F.3d 1327, 1352 (11th Cir. 2009) (refusing to consider an argument raised on appeal by a habeas petitioner because he had not fairly presented the argument to the district court).

AEDPA imposes a one-year statute of limitations on a state prisoner's § 2254 habeas petition. 28 U.S.C. § 2244(d)(1). The one-year limitations period is subject to equitable tolling, which applies when a petitioner "untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000) (quotation marks omitted). Equitable tolling is an "extraordinary remedy" reserved for "rare and exceptional circumstances." Hunter v. Ferrell, 587 F.3d 1304, 1308 (11th Cir. 2009) (quotation marks omitted). To establish entitlement to equitable tolling, a petitioner must prove "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649, 130 S.Ct. 2549, 2562 (2010) (quotation marks omitted). A petitioner must "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir. 2011).

In this case, the district court correctly concluded that Gillman was not entitled to equitable tolling because he failed to show a causal connection between Akes' misconduct and his failure to timely file his § 2254 petition. At the evidentiary hearing that the district court held on Gillman's petition, he acknowledged that he no longer considered Akes to be his attorney as of November 2005. At that point in time, the statute of limitations was tolled because

6

his Rule 3.800 application for state post-conviction relief was still pending, 28 U.S.C. § 2244(d)(2), and once the limitations period began to run again he still had 68 days left to file his § 2254 petition.  Because Gillman had a reasonable amount of time left after November 2005 to prepare and file his petition,[6] Akes' failure to file any post-conviction motions on Gillman's behalf did not cause him to miss his § 2254 filing deadline.[7]

Gillman's contention that he should receive equitable tolling because Akes did not return his copy of the trial transcripts is similarly unavailing.  First, Gillman did not need to include citations to those transcripts in order to properly file his § 2254 motion.  See Rules Governing § 2254 Cases, Rule 2(c) (requiring only that a petition "state the facts supporting each ground" for relief).  Second, even if his petition did need to include specific record citations, Gillman's current post-conviction attorneys (Sheppard and DeMaggio) included citations to the trial transcripts in the Rule 3.850 motion that they prepared on his behalf before the

---

[6] The statute of limitations was not set to expire until April 17, 2006, about four to five months after Akes was no longer his lawyer.

[7] In Cadet v. Florida Department of Corrections, 742 F.3d 473, 481 (11th Cir. 2014), we held that the correct standard for determining whether attorney misconduct qualifies as an extraordinary circumstance for equitable tolling purposes is whether the conduct amounts to abandonment of the attorney–client relationship.  Because Gillman has failed to establish a causal connection between his failure to timely file his § 2254 petition and Akes' actions, we need not address the application of Cadet's abandonment standard to this case.

statute of limitations on Gillman's § 2254 petition had expired.[8]  That means that

Gillman or his attorneys had access to the trial transcripts before the federal statute

of limitations expired, and therefore Akes' alleged failure to return Gillman's copy

of the trial transcripts did not prevent him from timely filing a § 2254 petition that

included citations to the trial record.

Because Gillman has failed to show a causal connection between the alleged

extraordinary circumstances and his failure to timely file his § 2254 petition, the

district court did not err in denying him equitable tolling and dismissing his

petition as time-barred.

**AFFIRMED.**

---

[8] As mentioned earlier, Gillman signed the verification form on his Rule 3.850 motion a few days before the statute of limitations expired, but for some unexplained reason Sheppard and DeMaggio did not file the motion until several months later.