[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14800
Non-Argument Calendar
_____

D.C. Docket No. 2:07-cv-01527-LSC


BLACK WARRIOR RIVERKEEPER, INC.,
FRIENDS OF LOCUST FORK RIVER, INC.,

Plaintiffs-Appellees,

versus

METRO RECYCLING INC.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(June 3, 2015)

Before ED CARNES, Chief Judge, TJOFLAT and SENTELLE,[*] Circuit Judges.

PER CURIAM:

The parties and the district court are well aware of the facts and procedural history leading to this appeal by Metro Recycling of the award of attorney's fees to Black Warrior Riverkeeper, so we will get right to the issues and our resolution of them.

First, Metro contends that Riverkeeper is not a "prevailing or substantially prevailing party" within the meaning of 33 U.S.C. § 1365(d).  Yes it is.  The definition of that term is one who "prevailed in what the lawsuit originally sought to accomplish," or more generally "advanced the goals of the [Clean Water] Act." Friends of the Everglades v. S. Fla. Water Mgmt. Dist., 678 F.3d 1199, 1201–02 (11th Cir. 2012) (quotation marks omitted).  Riverkeeper did that, and it also prevailed in the actions that it took after the first consent decree was entered.  Its aim, which promoted the goals of the Act, was not just to shut down the tire recycling landfill but to prevent the shutdown landfill from continuing to pollute the Black Warrior River.

The work done after the first consent decree was entered that led to the second consent decree is the work at issue in this appeal.  And that work was necessary to accomplish what the lawsuit had sought and to further the goals of the

---

[*] Honorable David Sentelle, United States Circuit Judge for the District of Columbia Circuit, sitting by designation.

2

Act.  Riverkeeper was as much a "prevailing or substantially prevailing party" as to the second consent decree as it had been for the first one, and Metro agreed to pay Riverkeeper attorney's fees for its work on the first one.  The second consent decree specifies that:  "Metro has agreed to undertake certain additional measures upon closure of the landfill that are not contrary to or inconsistent with the Modified Closure Plan, but which constitute additional responsibilities agreed to by Metro to settle this action."  That language, to which Metro consented, refutes its argument that all Riverkeeper got was the closure of the landfill, something Metro asserts it would have done anyway.  Metro was forced to do more in the second consent decree in order to settle Riverkeeper's second motion to enforce.  That was a victory for Riverkeeper and one that furthered the goals of the Clean Water Act.

Second, Metro contends that the district court based its award at least in part on the catalyst theory even though the Supreme Court has banned the use of that theory.  See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 604, 610, 121 S. Ct. 1835, 1840, 1843 (2001).  But Buckhannon was a Fair Housing Amendments Act and Americans with Disabilities Act case.  See id. at 601, 121 S. Ct. at 1830.  Since that decision, we have held that the catalyst theory is still viable in Clean Water Act cases.  See Friends of the Everglades, 678 F.3d at 1202 ("[T]here is unambiguous evidence

3

that Congress intended the 'whenever . . . appropriate' fee provisions of the Clean Water Act to allow fee awards to plaintiffs who do not obtain court-ordered relief but whose suit has a positive catalytic effect.") (quoting 33 U.S.C. § 1365(d)) (alteration and quotation marks omitted).  So the district court did not err in using it in this case.

Third, Metro contends that the district court abused its discretion in considering the affidavit of Riverkeeper Nelson Brooke.  This contention fails for two independently adequate alternative reasons.  There is no indication in the district court's order that it considered the affidavit and, even if it did, any error in doing so was harmless because there was abundant other evidence of the facts attested to in that affidavit.

For these reasons, the district court's order awarding attorney's fees to Riverkeeper is **AFFIRMED**.[1]

---

[1] This case was originally scheduled for oral argument but was decided on the briefs alone by unanimous consent of the panel under 11th Cir. R. 34-3(f).