# Third District Court of Appeal

## State of Florida

Opinion filed February 15, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1441
Lower Tribunal No. 13-37048
_____

**State Farm Florida Insurance Company,**
Appellant,

vs.

**Jose R. Fernandez and Sandra Fernandez,**
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, William Thomas, Judge.

Green & Ackerman, P.A. (Boca Raton); Russo Appellate Firm, P.A., Elizabeth K. Russo and Kevin D. Franz, for appellant.

Alvarez, Carbonell, Feltman & DaSilva, PL and Paul B. Feltman, for appellees.

Before SUAREZ, C.J., and EMAS, and FERNANDEZ, JJ.

FERNANDEZ, J.

Appellant State Farm appeals the trial court's non-final order compelling appraisal. We reverse because appellees Jose R. Fernandez and Sandra Fernandez failed to comply with their post-loss obligations.

On October 28, 2005, the insureds, Jose and Sandra Fernandez, made an insurance claim with State Farm for damage to their house that occurred on October 24, 2005, as a result of Hurricane Wilma. The insureds claimed damage to their outdoor terrace lights, three outdoor ceiling fans, gutters, a crack on the inside of their swimming pool wall, some missing pool tiles, and water on the pool bathroom floor.

State Farm investigated the claim in November 2005 and sent the insureds a letter advising them that although damage to the gutters and ceiling fans were within the policy's coverage, the repair costs were less than the $4,870 policy deductible. The letter advised them that all other claimed damages were not covered under the policy, thus, no payment was issued to the insureds. The insureds did not contact State Farm to advise of any further damage.

In April 2010, the insureds' public adjuster sent State Farm a demand for appraisal on their behalf, claiming that Hurricane Wilma caused $142,733.81 in damages, representing the cost to repair or fully replace the roof, outdoor ceiling fans, lights and ceramic tiles, the pool bathroom, the swimming pool and an exterior wood fence and ornamental iron fence. State Farm wrote to the insureds

on April 24, 2010 requesting "any and all documentation relating to repairs made to your property since the date of loss which will serve to validate the date of loss, the cause of loss, and the scope of your claimed damages/repairs." The letter also reminded them of their obligations under the policy and their duty after loss to file a Sworn Proof of Loss. State Farm then sent the insureds another letter on April 29, 2010, reserving rights as to coverage because of possible violations of the insureds' post-loss obligations under the policy.

Approximately one week later, the insureds submitted a one-page Sworn Proof of Loss, claiming Hurricane Wilma caused $142,733.81 in dwelling damages. They did not attach any documentation supporting their claims. State Farm acknowledged in writing receipt of the Proof of Loss "in form only" and stated it was "unable to determine the validity of the claimed amount as noted on your Sworn Statement in Proof of Loss."

On July 7, 2010, State Farm inspected the insureds' property. State Farm then requested that they submit to an examination under oath. After State Farm had to reschedule the examination twice for the insureds' failure to appear, the insureds eventually appeared at their examination under oath on February 1, 2011, but did not provide any documentation for their claims. State Farm requested documentation for their supplemental claim two more times, but the insureds never replied. On June 8, 2011, State Farm denied coverage.

On November 27, 2013, the insureds sued State Farm for breach of the insurance contract. They later moved to compel appraisal and abate the action. State Farm denied that the insureds were entitled to an appraisal because they failed to comply with all conditions of the policy regarding the insureds' duties after loss. After the trial court held an evidentiary hearing on their motion to compel, the trial court granted the insureds' motion.

We agree with State Farm that the trial court erred in compelling appraisal because the insureds failed to comply with all of their post-loss obligations. It is well-settled in Florida that all post-loss obligations must be satisfied before a trial court can exercise its discretion to compel appraisal. State Farm Florida Ins. Co. v. Hernandez, 172 So. 3d 473 (Fla. 3d DCA 2015); State Farm Florida Ins. Co. v. Cardelles, 159 So. 3d 239 (Fla. 3d DCA 2015); United States Fidelity & Guaranty Co. v. Romay, 744 So. 2d 467 (Fla. 3d DCA 1999). The record before us reflects that the insureds failed to comply with all of their post-loss obligations by failing to: give immediate notice of the alleged additional damage to their property; protect their property from further damage; keep an accurate record of their expenditures; provide State Farm with any of the requested records and documents to support their supplemental claim; and submit a sworn proof of loss within 60 days after the loss, according to the terms of the insurance policy in question.

Accordingly, we reverse the trial court's order compelling appraisal. We decline to address State Farm's contention that the policy was void due to alleged material misrepresentations made by the insureds.

Reversed.