[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10295
Non-Argument Calendar
_____

D.C. Docket No. 5:16-cv-00479-WTH-PRL

ROBERT WAYNE GILLMAN,

Petitioner - Appellant,

versus

SECRETARY, DEPARTMENT OF
CORRECTIONS,
FLORIDA ATTORNEY GENERAL,

Respondents - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 27, 2018)

Before TJOFLAT, JILL PRYOR and NEWSOM, Circuit Judges.

PER CURIAM:

Robert Wayne Gillman, a Florida inmate proceeding *pro se*, appeals the district court's dismissal of his 28 U.S.C. § 2254 petition for a writ of habeas corpus as impermissibly second or successive.  After careful review, we affirm in part, vacate in part, and remand for further proceedings.

I.

Gillman filed a § 2254 petition to challenge his 2002 state criminal convictions.  He acknowledged that his petition was untimely but argued that his attorney Charles Daniel Akes's abandonment provided grounds for equitable tolling of § 2254's statute of limitations.  The district court dismissed Gillman's petition, concluding that he was not entitled to equitable tolling based on Akes's conduct, and we affirmed on that ground alone.  *See Gillman v. Sec'y, Fla. Dep't of Corr.*, 576 F. App'x 940 (11th Cir. 2014) (unpublished).  Gillman filed an application in this Court for authorization to file a second or successive § 2254 petition to challenge his 2002 convictions, which we denied.  *See In re Gillman*, No. 15-14723, Nov. 19, 2015 Order.  Gillman then filed the instant § 2254 petition in district court alleging that in dismissing his initial petition as untimely the district court overlooked misconduct by lawyers appointed to represent him after Akes was replaced but before the statute of limitations expired—including lawyers who represented him during his initial § 2254 proceedings in district court and this Court—that would justify equitable tolling.  He also advanced substantive claims

2

of error in his convictions. After the State pointed out that his petition was second or successive, Gillman asked the district court to avoid the bar to second or successive habeas petitions as to his equitable tolling claim by construing his filing as a motion for relief from a final judgment under Federal Rule of Civil Procedure 60(b)(6).

Without addressing Rule 60(b)(6), the district court determined that Gillman's petition was successive and, because it was not authorized by this Court pursuant to 28 U.S.C. § 2244(b)(1), was due to be dismissed. Gillman appealed.[1]

## II.

We review *de novo* a district court's conclusion that a § 2254 petition is second or successive such that the petitioner must first seek authorization in this Court to file it. *Stewart v. United States*, 646 F.3d 856, 858 (11th Cir. 2011). Subject to two exceptions, "[a] claim presented in a second or successive habeas corpus application under section 2254 . . . shall be dismissed." 28 U.S.C. § 2244(b)(2). A claim need not be dismissed if:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

---

[1] Gillman is not required to have a certificate of appealability to pursue his appeal. *See Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004).

3

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

*Id.* Even if one of these exceptions applies, however, a petitioner must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application" before the district court may consider it. *Id.* § 2244(b)(3)(A).

We review for an abuse of discretion the district court's denial of a Rule 60(b) motion. *Jackson v. Crosby*, 437 F.3d 1290, 1295 (11th Cir. 2006). "We will find an abuse of discretion only when a decision is in clear error, the district court applied an incorrect legal standard or followed improper procedures, or when neither the district court's decision nor the record provide[s] sufficient explanation to enable meaningful appellate review." *Friends of the Everglades v. S. Fla. Water Mgmt. Dist.*, 678 F.3d 1199, 1201 (11th Cir. 2012).

We must liberally construe Gillman's filings because he is proceeding without counsel. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

III.

We agree with the district court that Gillman's § 2254 petition, if construed as such, was second or successive and that he was required to obtain authorization from this Court before filing it in the district court, which he did not do. As the

4

district court properly concluded, both Gillman's initial and instant § 2254 petitions challenged the same 2002 state court judgment of conviction. His instant petition is therefore successive. *See Magwood v. Patterson*, 561 U.S. 320, 338-39 (2010) (explaining that a § 2254 petition addressing a state court judgment that previously has been challenged via an initial § 2254 petition is successive). Even if Gillman's substantive claims were based on newly discovered evidence such that they would qualify under one of the exceptions to § 2244(b)'s dismissal requirement, the statute required him to seek authorization from this Court before filing the second petition in the district court, and Gillman has not obtained such authorization.

Gillman contends that the district court failed to consider his request to construe his petition, insofar as it pertained to equitable tolling based on the conduct of his lawyers who replaced Akes, as a motion for relief under Federal Rule of Civil Procedure 60(b)(6) from the judgment dismissing his initial § 2254 petition. Because we cannot discern from the record whether the district court considered Gillman's tolling argument under Rule 60(b)(6) or, if so, on what grounds it may have rejected his argument, we cannot meaningfully review its decision and therefore remand. *See Friends of the Everglades*, 678 F.3d at 1201.

Rule 60(b)(6), the catchall provision of Rule 60(b), authorizes relief for "any other reason that justifies relief" from a judgment. Fed. R. Civ. P. 60(b)(6).

"Where a Rule 60(b) motion challenges only a district court's prior ruling that a habeas petition was time-barred, it 'is not the equivalent of a successive habeas petition.'" *Lugo v. Sec'y, Fla. Dep't of Corr.*, 750 F.3d 1198, 1210 (11th Cir. 2014) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535-36 (2005)). But "a movant seeking relief under Rule 60(b)(6) [must] show extraordinary circumstances justifying the reopening of a final judgment." *Gonzalez*, 545 U.S. at 535 (internal quotation marks omitted).

We express no opinion on whether Gillman has shown extraordinary circumstances based on the conduct of his lawyers who replaced Akes that would justify revisiting the equitable tolling question. We note that "[e]ven where the Rule 60(b) motion demonstrates sufficiently extraordinary circumstances, whether to grant the requested relief is a matter for the district court's sound discretion." *Lugo*, 750 F.3d at 1210 (alteration and internal quotation marks omitted). But the district court's silence on the matter renders impossible our task of reviewing its decision. Thus, we remand for the district court to decide whether to entertain Gillman's pleading as a Rule 60(b)(6) motion and, if so, whether relief is warranted.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

6