# Third District Court of Appeal

## State of Florida

Opinion filed April 17, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-1842
Lower Tribunal No. 18-9574
_____

**Safepoint Insurance Company,**
Appellant,

vs.

**Daisy Sousa,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Spencer Eig, Judge.

Butler Weihmuller Katz Craig and Anthony J. Russo and Mihaela Cabulea (Tampa), for appellant.

Marin, Eljaiek, Lopez & Martinez and Anthony M. Lopez, for appellee.

Before EMAS, C.J., and SALTER, J., and LEBAN, Senior Judge.

SALTER, J.

Safepoint Insurance Company ("Insurer") appeals an order granting a motion by its insured, Daisy Sousa ("Insured"), to compel appraisal pursuant to a provision of a residential insurance policy ("Policy") issued by the Insurer. The appraisal was sought in connection with damage caused by Hurricane Irma in September 2017. Because the record demonstrates that the Insured failed to comply with the post-loss conditions of the Policy, we reverse the order and remand the case to the trial court.

Two days after the loss, a public adjuster reported the nature and general extent of the damage to the Insurer on behalf of the Insured. The Insurer's claims representative visited the property and prepared an itemized, 15-page estimate of replacement cost value, a total of $47,838.64, for the claim in November 2017. The Insurer requested the Insured to submit a sworn proof of loss as required by the Policy.

When the sworn proof of loss was not forthcoming, the Insurer sent the Insured a notice of examination under oath ("EUO"), requesting documents pertaining to the damage and claim, including a renewed request for a sworn proof of loss. The Insured provided testimony and a limited number of documents at the EUO at the end of November 2017, but did not submit a sworn proof of loss. The Insurer renewed its request for a sworn proof of loss and supporting documents in January 2018 and twice in February.

2

At the end of February, the Insurer tendered a payment of $47,838.64, the itemized amount computed by its claims representative three months earlier. The Insured responded in March with the circuit court lawsuit that has culminated in this appeal. The amended complaint for breach of the Policy contended that the Insurer had refused to pay the full amount of the claim.

The Insured moved in May 2018 to compel appraisal, based on the differing computations of loss and replacement value computed by the parties' estimators. The motion for appraisal included a detailed, 23-page loss estimate for the Insured's claim, totaling $177,366.41, dated March 27, 2018. That estimate was prepared by the Insured's public adjuster, "Leading Public Adjusters, Inc." According to the record before us, the estimate was not submitted previously to the Insurer with a sworn proof of loss, with supporting documents, or at the time of the Insured's EUO. The Insurer opposed the motion based on the Insured's failure to comply with the Policy's post-loss requirements. Following a non-evidentiary hearing, the trial court granted the motion, and the Insurer appealed.[1]

Analysis

Our review of the Policy provisions pertaining to coverage, post-loss conditions, appraisal, and conditions precedent to suit, are subject to de novo review. Noa v. Fla. Ins. Guar. Ass'n., 215 So. 3d 141, 143 (Fla. 3d DCA 2017).

_____

[1] The order directing appraisal is an appealable non-final order. See Fla. R. App. P. 9.130(a)(3)(C)(iv).

3

In this case, section I.8. of the Policy provides that no lawsuit can be commenced against the Insurer unless "[t]here has been full compliance with all of the terms of this policy." The obligations to provide a sworn proof of loss and documents supporting the claim are also spelled out clearly in the Policy.

In United States Fidelity & Guaranty Co. v. Romay, 744 So. 2d 467, 471 (Fla. 3d DCA 1999) (en banc), this Court held that appraisal and suit are premature when the Insured has failed to comply with a residential insurance policy's post-loss conditions. We have applied that principle through multiple hurricanes and the subsequent claims. See, e.g., State Farm Fla. Ins. Co. v. Fernandez, 211 So. 3d 1094, 1095 (Fla. 3d DCA 2017) ("It is well-settled in Florida that all post-loss obligations must be satisfied before a trial court can exercise its discretion to compel appraisal."). The Insured's generalized description of loss at her EUO does not constitute a "sworn proof of loss" in compliance with the Policy, and the Insured has offered no reason for the failure to submit the public adjuster's itemized claim report before, rather than after, the EUO and lawsuit.

The order granting the Insured's motion to compel appraisal is reversed and vacated.