[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-14729
Non-Argument Calendar

_____

D.C. Docket No. 6:19-cv-00668-PGB-DCI


SB HOLDINGS I, LLC,

Plaintiff-Appellant,

versus

INDIAN HARBOR INSURANCE COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 27, 2021)

Before JILL PRYOR, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

In this insurance lawsuit, SB Holdings I, LLC ("SB Holdings") appeals the final judgment entered in favor of its property insurer, Indian Harbor Insurance Company ("Indian Harbor"). SB Holdings contends that the district court erred in two ways: (1) by denying its motion to compel an appraisal and allowing the case to proceed to trial; and (2) by prohibiting two of its witnesses, Nathanial Franses and Derek Schenavar, from offering expert opinions as to the cause of the property damage at issue. For the following reasons, we affirm.

I.

We review *de novo* a district court's denial of a motion to compel arbitration. *JPay, Inc. v. Kobel*, 904 F.3d 923, 928 (11th Cir. 2018).[1] Under Florida law, appraisal requirements in an insurance contract are treated as arbitration provisions, "narrowly restricted to the resolution of specific issues of actual cash value and amount of loss*." Galindo v. ARI Mut. Ins. Co.*, 203 F.3d 771, 776 (11th Cir. 2000) (quoting *U.S. Fid. & Guar. Co. v. Romay*, 744 So. 2d 467, 469 (Fla. Dist. Ct. App. 1999)).[2]

---

[1] We may affirm the decision below "on any ground supported by the record, regardless of whether that ground was relied upon or even considered by the district court." *Kernel Recs. Oy v. Mosley*, 694 F.3d 1294, 1309 (11th Cir. 2012).

[2] In diversity cases such as this, "a federal court applies the substantive law of the forum state, unless federal constitutional or statutory law is contrary." *Ins. Co. of N. Am. v. Lexow*, 937 F.2d 569, 571 (11th Cir. 1991). The Supreme Court of Florida has held that the decisions of

The Florida courts have held that, where an insurance policy includes an appraisal requirement, any dispute regarding the amount of a covered loss is a matter "for determination by an appraisal panel," but a challenge to coverage itself remains a matter "for determination by a court." *Citizens Prop. Ins. Corp. v. Mango Hill Condo. Ass'n 12 Inc.*, 54 So. 3d 578, 581 (Fla. Dist. Ct. App. 2011) (citing *Johnson v. Nationwide Mut. Ins. Co.*, 828 So. 2d 1021, 1022 (Fla. 2002)). "[C]ausation is a coverage question for the court when an insurer wholly denies that there is a covered loss and an amount-of-loss question for the appraisal panel when an insurer admits that there is covered loss, the amount of which is disputed." *Johnson*, 828 So. 2d at 1022. An insured's compliance with post-loss obligations mandated by the policy, such as timely notice of the loss and cooperation with the insurer's investigation, is also a coverage question. *See State Farm Fire & Cas. Co. v. Licea*, 685 So. 2d 1285, 1288 (Fla. 1996).

For two reasons, the district court did not err in declining to compel an appraisal. First, Indian Harbor has maintained throughout this litigation that there was no covered loss. After investigating SB Holdings' insurance claim and inspecting the damaged premises, Indian Harbor advised SB Holdings that it was denying coverage for multiple reasons—including on the grounds that the reported

---

Florida's district courts of appeal "represent the law of Florida unless and until they are overruled by [the Supreme Court of Florida]." *Pardo v. State*, 596 So. 2d 665, 666 (Fla. 1992).

damages "were not the result of Hurricane Irma."  SB Holdings argues that Indian

Harbor conceded some amount of covered loss by tendering a $100,000 check after

the insurance claim was filed.  However, Indian Harbor responds that this payment

was related to the policy's separate coverage for wind-driven precipitation—not

hurricane damages.  Indeed, the very same letter that denied coverage for the

hurricane claim due to lack of causation also acknowledged the $100,000 payment

and described it as being "pursuant to the wind-driven rain additional coverage

sub-limit of $100,000."  We therefore conclude, based on this record, that

compelling an appraisal would have been inappropriate in this case because Indian

Harbor wholly denied coverage on causation grounds—which was an issue for the

court rather than an appraisal panel.

Second, regardless of whether there was a covered loss, Indian Harbor also

defended on the grounds that SB Holdings failed to comply with its post-loss

obligations under the policy.  This too was a coverage question for the court, not an

amount-of-loss question that would have required an appraisal.  *See Licea*, 685 So.

2d at 1288; *see also State Farm Fla. Ins. Co. v. Fernandez*, 211 So. 3d 1094, 1095

(Fla. Dist. Ct. App. 2017) ("It is well-settled in Florida that all post-loss obligations

must be satisfied before a trial court can exercise its discretion to compel

appraisal.")  Thus, until judicial proceedings had resolved whether SB Holdings

4

adequately satisfied its post-loss obligations, any request to compel an appraisal was premature.[3]

Because Indian Harbor's defenses in this case required the district court to determine whether insurance coverage existed at all, rather than merely the amount or the cash value of the loss, we affirm the denial of SB Holdings' motion to compel an appraisal.

## II

We review a district court's ruling on the admissibility of expert testimony solely for an abuse of discretion. *Prieto v. Malgor*, 361 F.3d 1313, 1317 (11th Cir. 2004). "We will find an abuse of discretion only when a decision is in clear error, the district court applied an incorrect legal standard or followed improper procedures, or when neither the district court's decision nor the record provide sufficient explanation to enable meaningful appellate review." *Friends of the Everglades v. S. Fla. Water Mgmt. Dist.*, 678 F.3d 1199, 1201 (11th Cir. 2012).

Federal Rule of Civil Procedure 26 imposes disclosure requirements on any witness "who is retained or specially employed to provide expert testimony." Fed. R. Civ. P. 26(a)(2)(B). Such witnesses must provide a written report detailing,

---

[3]    For the first time on appeal, SB Holdings argues that the district court should have conducted a pretrial evidentiary hearing to resolve the parties' dispute regarding post-loss obligations. Because SB Holdings never requested such a hearing below, it has waived this argument, and we do not consider the issue.

5

among other things, "all opinions to be expressed and the basis and reasons

therefor." *Id.* Any party that fails to disclose this information "without substantial

justification" is not permitted to use the expert witness at trial "unless such failure

is harmless." Fed. R. Civ. P. 37(c)(1).

We conclude that the district court did not abuse its discretion in prohibiting

SB Holdings' witnesses from offering opinions on causation. SB Holdings

concedes that it did not provide a Rule 26(a)(2)(B) report for either Schenavar or

Franses, and therefore exclusion was required to the extent these witnesses were

"retained or specially employed" to provide the expert testimony at issue.[4]

Turning first to SB Holdings' challenge to the district court's refusal to permit

Schenavar to testify as a hybrid witness on the issue of causation, we note initially

that SB Holdings failed to produce Schenavar's Rule 26 report despite repeated

requests. Even at the hearing on Indian Harbor's Motion to Strike expert

witnesses, SB Holdings had not produced the report. It was not produced until

January 21, 2020, after the magistrate judge had granted Indian Harbor's Motion to

Strike, and only shortly before the pretrial conference on February 20, 2020. At

that pretrial conference, the district court stated that Schenavar would not be

permitted to get around the fact that he had not complied with the expert report

---

[4]    SB Holdings does not argue on appeal, and did not argue below, that its failure to provide such reports was "substantially justified" or "harmless."

requirements by testifying as a fact witness.   SB Holdings made no further motions or objections to the district court's ruling before the trial in November 2020, some nine months later.  Although SB Holdings asserts that Schenavar was not presented exclusively as an expert witness, the record is clear that SB Holdings referred to him numerous times as having been retained as an expert witness. Moreover, it is apparent[5] that the testimony was expert testimony, relying on scientific, technical or other specialized knowledge.  It was not testimony based merely on what Schenavar saw when he inspected the property, and he did not do any hands-on work on the property.  After careful review of the record, we cannot conclude that the district court abused its discretion in excluding the testimony from Schenavar which SB Holdings sought to introduce.

Finally, turning to SB Holdings' claim with respect to the testimony of Franses, we cannot conclude that the district court abused its discretion.  The district court allowed Franses to testify as a fact witness.   He was hired as a roofer to bid on the job of replacing the roof.  He was permitted to testify as to what he saw, but was not permitted to testify as an expert as to whether the hurricane caused the damage because he too had not provided a Rule 26 report.  We cannot conclude that the district court abused its discretion in concluding that Franses'

---

[5]    This is apparent not only from the record evidence, but also from SB Holdings' own summary of the expected testimony in its briefs on appeal.

7

proposed testimony with respect to causation was beyond the scope of services for which he was retained and beyond his normal role as a roofer. [6]

We therefore affirm the district court's evidentiary rulings.

## III.

For the foregoing reasons, we affirm the judgment of the district court.

**AFFIRMED.**

---

[6] Given the district court's finding that rendering an opinion on damage causation did not fall within the ordinary duties of a roofer, we disagree with SB Holdings' characterization of Franses as a hybrid witness. The term "hybrid witness" refers to certain types of individuals, such as treating physicians, who are exempt from the disclosure requirements for retained experts because their testimony primarily concerns personal observations made during the course of rendering their professional services. *See Downey v. Bob's Disc. Furniture Holdings, Inc.*, 633 F.3d 1, 7 (1st Cir. 2011) (discussing the "retained or specially employed" component of Rule 26(a)(2)(B) and holding that "as long as . . . [a witness's] opinion about causation is premised on personal knowledge and observations made in the course of treatment, no report is required under the terms of Rule 26(a)(2)(B)"). Franses does not fit into this category, the district court found, because his typical work does not involve pinpointing the ultimate and specific cause of roof damage (i.e., Hurricane Irma versus wind and rain more generally).