[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11888

Non-Argument Calendar

_____

24E FITNESS, LLC,

Plaintiff-Appellant,

*versus*

INTERNAL CREDIT SYSTEMS INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:20-cv-01937-GMB

_____

Before WILSON, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

24e Fitness LLC appeals the district court's order denying its attorney's fees motion after the district court remanded 24e Fitness's case back to state court. Because the district court did not abuse its discretion, we affirm.

In March 2016, 24e Fitness hired Internal Credit Systems, Inc. to collect on 24e Fitness's accounts receivable in exchange for forty percent of the amount collected. In September 2020, 24e Fitness ended the contract because it discovered that Internal Credit Systems was not licensed to conduct business in Alabama and because 24e Fitness's members had complained about Internal Credit Systems's conduct in collecting the accounts receivable.

In October 2020, 24e Fitness sued Internal Credit Systems in Alabama state court, asserting state law claims for breach of contract, negligence, and malice/wantonness. The company also sought a declaratory judgment that (1) "the Service Agreement [was] void"; or in the alternative (2) "the Defendant breached the Service Agreement"; (3) "the Defendant's actions were outside the scope of Federal, State, and City laws and regulations"; and (4) "the Defendant's actions were unprofessional and unethical."

Internal Credit Systems filed a notice of removal to federal court, alleging that the reference in 24e Fitness's complaint to violations of "federal" laws and regulations invoked federal question

jurisdiction.  24e Fitness moved to remand, arguing that its complaint did not actually name a federal statute or allege facts supporting the violation of federal law.  Internal Credit Systems responded that 24e Fitness's complaint moved beyond breach of contract into making allegations, "albeit generalized allegations[,] that [it] ha[d] violated federal laws and regulations[.]"

24e Fitness also moved for attorney's fees under 28 U.S.C. section 1447(c), which provides that a district court "may" award payment of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  The company argued that it should be awarded fees under section 1447(c) because Internal Credit Systems lacked "an objectively reasonable basis for seeking removal."  And, 24e Fitness continued, Internal Credit Systems had countersued in North Carolina state court for $74,800 which was both frivolous—24e Fitness said it was not subject to personal jurisdiction in North Carolina—and revealed an intent to prolong and delay the litigation.

Internal Credit Systems responded that the North Carolina state court had found jurisdiction over 24e Fitness—thus eliminating the basis for 24e Fitness's claim of delay.  And, the reference to "federal" laws and regulations in 24e Fitness's complaint gave it an objectively reasonable basis to believe that 24e Fitness was at least attempting to raise federal claims.

The district court granted 24e Fitness's motion to remand the case to Alabama state court.  As to its subject matter jurisdiction, the district court concluded that "[a] few stray references to

federal law do not transform claims for breach of contract and related state-law torts into federal causes of action." The district court also rejected Internal Credit Systems's argument that 24e Fitness's state law claims raised a substantial federal issue.

But the district court denied 24e Fitness's section 1447(c) attorney's fees motion because, despite the remand, Internal Credit Systems "had an objectively reasonable, albeit incorrect, basis for seeking removal." 24e Fitness appeals the part of the district court's order denying its attorney's fees motion.

We review the denial of costs and fees under section 1447(c) for an abuse of discretion. *Legg v. Wyeth*, 428 F.3d 1317, 1320 (11th Cir. 2005). "We will find an abuse of discretion only when a decision is in clear error, the district court applied an incorrect legal standard or followed improper procedures, or when neither the district court's decision nor the record provide sufficient explanation to enable meaningful appellate review." *Friends of the Everglades v. S. Fla. Water Mgmt. Dist.*, 678 F.3d 1199, 1201 (11th Cir. 2012). "[T]he abuse of discretion standard allows for a range of choice for the district court, so long as that choice does not constitute a clear error of judgment." *In re Rasbury*, 24 F.3d 159, 168 (11th Cir. 1994) (internal citations omitted).

24e Fitness argues that the district court abused its discretion because Internal Credit Systems's failure to cite a federal statute in its removal notice showed that it "knew or should have known" that 24e Fitness's complaint did not invoke federal question jurisdiction. And it contends that the removal was frivolous and an

attempt to delay litigation and to thwart Alabama state court jurisdiction.

Section 1447(c) provides that fees and costs "may" be awarded in an order remanding a case to state court. 28 U.S.C. § 1447(c). The Supreme Court has explained that "[a]bsent unusual circumstances, courts may award attorney's fees under [section] 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Here, the district court did not abuse its discretion in denying fees. 24e Fitness's complaint alleged that Internal Credit Systems's conduct violated federal laws and federal regulations and sought a declaration saying so. The district court's conclusion— that it was objectively reasonable for Internal Credit Systems to believe that seeking such a declaration was attempting to raise a federal claim—is well within the "range of choice[s]" it could have reasonably made. *See Rasbury*, 24 F.3d at 168.

24e Fitness's counterarguments boil down to a disagreement with the district court's call on whether the removal, albeit incorrect, was objectively reasonable. But under the abuse of discretion standard, we may not "substitute[] [our] judgment for that of the [district court]." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981). 24e Fitness has not identified any way in which the district court followed an improper procedure or relied on an incorrect legal standard. *Friends of the Everglades*, 678 F.3d at 1201. Nor

6                        Opinion of the Court                    21-11888

has 24e Fitness cited any case revealing clear error in the decision. *Id.* Absent those things, we cannot find an abuse of discretion.

**AFFIRMED.**